CHERYL PHIPPS, BOBBI MILLER,   )
AND SHAWN GIBBONS, on behalf of   )
themselves and all others similarly situated,   )
                                                )
    Plaintiffs,   )
                                                )    **Case No. 3:12-cv-1009**
v.                                              )    **Judge Aleta A. Trauger**
                                                )
WAL-MART STORES, INC.,   )
                                                )
    Defendant.   )

## MEMORANDUM

On February 26, 2013, the court issued an Order dismissing the plaintiffs' putative class claims as time-barred. (Docket No. 56.) The plaintiffs have filed a Motion to Certify for Interlocutory Review and for Stay of Proceedings Pending Interlocutory Appeal ("Motion to Certify") (Docket No. 57), to which the defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), filed a Response in opposition (Docket No. 59), and the plaintiffs filed a Reply (Docket No. 65). For the reasons stated herein, the Motion to Certify will be granted.

## BACKGROUND[1]

In June 2004, a federal district court in California certified a nationwide class of female Wal-Mart employees alleging pay and/or promotion discrimination by Wal-Mart. After the Ninth Circuit sitting *en banc* largely affirmed that decision, the Supreme Court in *Dukes v. Wal-Mart*

---

[1]The legal background and material allegations are set forth in detail in the court's previous opinion concerning the defendants' Motion to Strike. *See generally Phipps v. Wal-Mart Stores, Inc.*, Case No. 3:12-cv-1009, 2013 WL 752152 (M.D. Tenn. Feb. 20, 2013) [Docket No. 55 in this case]. Familiarity with that opinion is assumed.

1

*Stores, Inc.*, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011), reversed the district court's certification decision, finding that the members of the nationwide class lacked sufficient commonality to support a nationwide class. Following the *Dukes* decision, the district court issued an order permitting individual plaintiffs a specific amount of time to file timely EEOC charges.

The named plaintiffs in this lawsuit are several members of the former class in *Dukes* who timely complied with the California trial court's order, after which they filed this lawsuit on October 2, 2012. Their Complaint sought to certify a class of Wal-Mart employees in "Region 43," a geographic region that encompasses Wal-Mart stores in several states, including Tennessee. Wal-Mart moved to strike the class allegations, arguing that putative class members' claims were barred by the applicable statute of limitations and that the tolling doctrine set forth in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974) did not apply to the class claims. In support of this position, Wal-Mart relied on *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir. 1988), in which the Sixth Circuit had stated, categorically, that there was "unanimous agreement that the pendency of a previously filed class action does not toll the statute of limitations period for additional class actions by putative members of the original class."

On February 20, 2013, this court granted Wal-Mart's Motion to Strike. *See generally Phipps*, 2013 WL 752152 [Docket No. 55 in this case]. The court found that, under its interpretation of *Andrews*, it was constrained to find that the putative Region 43 class members did not benefit from *American Pipe* tolling relative to the *Dukes* action. However, the court also expressed serious reservations about the propriety of applying *Andrews* to follow-on subclass actions without providing for case-specific exceptions, including those recognized in various

2

other federal trial and appellate court decisions. The court expressed the view that *Andrews* likely merited reconsideration or at least refinement for a number of reasons.

Following the court's order dismissing the class claims as time-barred, the plaintiffs filed the instant motion to certify "the issue of tolling for follow-on subclass actions." (Docket No. 57.) During the pendency of the plaintiffs' motion, the Sixth Circuit published an opinion in *In re Vertrue Mktg. & Sales Practices Litig.*, — F.3d — , 2013 WL 1607295 (6th Cir. Apr. 16, 2013), which, as discussed herein, found an exception to *Andrews* and upheld the application of *American Pipe* tolling in a follow-on class action.[2]

## CERTIFICATION STANDARD

The court has discretion to certify an order for interlocutory appeal if (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing 28 U.S.C. § 1292(b)). Review under § 1292(b) is granted sparingly and only in exceptional cases. *Id.* (citing *Kraus v. Bd. of Cnty. Rd. Comm'rs*, 364 F.3d 919, 922 (6th Cir. 1966)). Here, Wal-Mart does not dispute that the matter presents a controlling question of law and that an immediate appeal would materially advance the litigation. However, Wal-Mart contends that there is not a substantial ground for difference of opinion concerning the correctness of this court's previous Order.[3]

---

[2]The opinion in *In re Vertrue* originally was not submitted for publication. However, the Sixth Circuit thereafter published the opinion.

[3]Both parties cite to district court cases within the Sixth Circuit for the proposition that "[a] substantial ground for difference of opinion" exists when (1) the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not

3

# ANALYSIS

The plaintiffs argue that a confluence of factors justifies interlocutory appeal of the court's previous Order, including (1) the United States Supreme Court decisions in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010) and *Smith v. Bayer*, 131 S. Ct. 2368, 180 L. Ed. 2d 341 (2011), which they argue undermine the central premise of *Andrews*; (2) the intervening Sixth Circuit decision in *In re Vertrue*; and (3) a wealth of post-*Andrews* precedent from other circuits and district courts outside this circuit holding that *American Pipe* tolling may be extended to follow-on class actions in a variety of circumstances. (*See* Docket No. 58, Pltf. Mem., at pp. 9-11 (collecting cases).)

In *In re Vertrue*, the Sixth Circuit essentially held that *Andrews* did not stand for the proposition it purported to assert. In *In re Vertrue*, a federal district court in a putative nationwide class action lawsuit dismissed the individual plaintiffs' claims on substantive grounds and, therefore, never reached whether the proposed nationwide class met the Rule 23 certification requirements.[4] 2013 WL 1607295, at *1-*2, *4. Members of the former putative class then filed a putative class action in another federal court, seeking to certify the nationwide class that the first district court had not addressed on the merits. *Id.* at *2. Because the statute of limitations on their claims had otherwise run during the pendency of the previous case, the named plaintiffs in

---

substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *See, e.g.*, *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876 (E.D. Mich. 2012); *Gaylord Entm't Co. v. Gilmore Entm't Grp.*, 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2001). In the absence of any Sixth Circuit appellate authority requiring that test, the court construes the application of these four factors as a persuasive, but not a binding, test.

[4]The procedural history of *In re Vertrue* is complex. The court discusses only the most relevant aspects of that procedural history herein.

4

the later-filed action argued that the putative class members' claims (in addition to the named plaintiffs' claims) should all benefit from *American Pipe* tolling. *Id.* at *3 (citing *Am. Pipe*, 414 U.S. at 554).

The Sixth Circuit upheld the district court's finding that this second putative class action benefitted from *American Pipe* tolling. *Id.* at 3-4. The Sixth Circuit construed *Andrews* as a case in which "class certification had already been denied," whereas in *In re Vertrue* "no court has definitively ruled on class certification." *Id.* at *4. The court held that, "[b]ecause the risk motivating our decision in *Andrews* – namely, *repetitive and indefinite class action lawsuits addressing the same claims* – is simply not present here, we hold that the commencement of the original *Sanford* class action tolled the statute of limitations under *American Pipe*." *Id.* (emphasis added). Notably, in support of that holding, the Sixth Circuit in a footnote referenced several circuit court opinions that this court, in its opinion reluctantly dismissing the plaintiffs' putative class claims as time-barred, had discussed as authority for reconsidering or at least refining *Andrews*. *See In re Vertrue*, 2013 WL 1607295, at *4 n.2 (citing, *inter alia*, *Yang v. Odom*, 392 F.3d 97, 104, 112 (3d Cir. 2004); *Catholic Social Servs.*, *Inc. v. I.N.S.*, 232 F.3d 1139, 1149 (9th Cir. 2000) (*en banc*); *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1349-50 (5th Cir. 1985); and *Korwek v. Hunt*, 827 F.2d 874, 878 (2d Cir. 1987)).

In light of the intervening decision in *In re Vertrue*, this court is now even less confident that *Andrews* precludes the potential application of *American Pipe* tolling here. The *In re Vertrue* court appears to have construed *Andrews* as standing for a relatively narrow principle that many well-reasoned circuit court opinions echo: it would be unjust, inefficient, and frustrate the purposes of a statute of limitations to permit former putative class plaintiffs to relitigate the *same*

5

class certification claims perpetually with the benefit of *American Pipe* tolling. If that is the appropriate construction of *Andrews*, a follow-on putative *subclass* action does not necessarily present the same concern, at least where a court determines that the previous refusal to certify a larger class did not resolve whether members of a potentially viable putative subclass share sufficient commonality for Rule 23 purposes. Applying that construction of *Andrews* here would yield the following (sensible) results: (1) the plaintiffs here may not benefit from *American Pipe* tolling in an effort to relitigate the viability of a nationwide class, which the Supreme Court decision in *Wal-Mart Stores v. Dukes* foreclosed based on a lack of commonality; (2) the putative Region 43 class members benefit from *American Pipe* tolling to the extent that they seek to certify a potentially viable subclass that the *Dukes* decision did not foreclose;[5] and (3) if the plaintiffs here were to lose a motion to certify the proposed Region 43 (sub)class for lack of commonality or for any other reasons generally applicable to the putative class members, the Region 43 former putative class members could not benefit from *American Pipe* tolling to file another putative class action seeking to certify the same Region 43 class that this court rejected.[6]

Whether these considerations merit certification is a close question. Wal-Mart forcefully argues that *Andrews* remains good law and that, as such, even a Sixth Circuit panel considering

---

[5]Of course, if a court were to construe *Dukes* as holding that no Wal-Mart employee could show sufficient commonality to support a Title VII class action of *any* kind (even, say, at a store by store level), then the issue of subclass certification would be moot. Here, the court did not construe *Dukes* that broadly.

[6]In *Ladik v. Wal-Mart Stores, Inc.*, No. 3:13-CV-00123-BBC, — F.R.D. — , 2013 WL 1127738, at *5-*7 (W.D. Wis. May 24, 2013), a district court found that, under Seventh Circuit precedent, the claims of former putative class members in *Dukes* benefitted from *American Pipe* tolling, although the court ultimately dismissed the class claims (as alleged) on the merits for failure to satisfy Rule 23. Here, in light of *Andrews*, the court dismissed the class claims as time-barred, thereby obviating the need to address the merits of the proposed class, even as alleged.

the issue on an interlocutory basis could not overturn the holding in *Andrews*, which itself involved a follow-on subclass action. *See Gor v. Holder*, 607 F.3d 180, 188 (6th Cir. 2010). On the other hand, the *In re Vertrue* decision essentially validated the court's previous reservations about the scope of *Andrews* and construed *Andrews* in a manner potentially reconcilable with permitting the extension of *American Pipe* tolling to a subclass action here. Also, *In re Vertrue* did not squarely address the combined impact of *Smith v. Bayer* and *Shady Grove* on *American Pipe* tolling, potentially an issue of some complexity. Finally, as the court explained in *Phipps*, the peculiar procedural posture of this case may warrant a further type of exception to the holding in *Andrews*, particularly in light of fundamental fairness and policy concerns that apparently were not raised or were not at issue in *Andrews*. *See Phipps*, 2013 WL 752152, at *26-*30.

Particularly in light of *In re Vertrue*'s dilution of the holding in *Andrews*, there is a substantial ground for difference of opinion as to whether the court may extend *American Pipe* tolling to the absent class members here. Moreover, more generally, this case presents substantial policy issues that flow from the Supreme Court's landmark *Dukes* decision, which could impact the viability of many putative class members' claims here, as well as in other putative class action lawsuits going forward.

In sum, the legal issue presented here is important, complex, and merits clarification by the Sixth Circuit. It is a legal issue that does not turn on any exercise of discretion by this court or any fact finding. Thus, it is ripe for resolution on appeal, and discovery concerning the individual plaintiffs' claims would not inform it.

For these reasons, the court finds that certification under § 1292(b) is warranted. Wal-Mart has not contested plaintiffs' argument that, if certification is warranted, the court should

7

stay this case pending resolution of the forthcoming interlocutory appeal. Therefore, the court

will stay the case, as the plaintiffs have requested.

## <u>CONCLUSION</u>

For the reasons stated herein, the court will grant the plaintiffs' Motion to Certify and will

stay the case pending any appeal and the resolution thereof.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge