UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CHERYL PHIPPS, BOBBI MILLNER, and SHAWN GIBBONS, | ) ) ) | CLASS ACTION |
| Plaintiffs, | ) ) | CASE NO. 3:12-cv-1009 |
| v. | ) ) ) | JUDGE SHARP MAGISTRATE JUDGE |
| WAL-MART STORES, INC., | ) ) | FRENSLEY |
| Defendant. | ) ) | JURY DEMANDED |

## CASE MANAGEMENT ORDER

Plaintiffs Cheryl Phipps, Bobbi Millner, and Shawn Gibbons (collectively, "Plaintiffs") and Defendant Wal-Mart Stores, Inc. ("Defendant," collectively "Parties") respectfully submit this Proposed Case Management Order.

### A. Jurisdiction and Venue

The Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

### B. Parties' Theory of the Case

**1. Plaintiffs' Theory of the Case**

Plaintiffs are three current and former female employees of Wal-Mart who allege that Wal-Mart has discriminated against them and other female employees by paying them less than male employees and by promoting them less often then male employees. Plaintiffs seek to address these policies by representing a class of all women who worked in retail stores within Wal-Mart's Region 43, including hourly employees and salaried managers below the level of

1

Store Manager. Specifically, Plaintiffs challenge Wal-Mart's pay and promotion policies, practices, and decisions, all of which are attributable to a discrete group of managers who worked in this region.

Plaintiffs contend that these pay and promotion policies, practices, and decisions reveal a pattern or practice of intentional discrimination, as will be shown by refined statistical analyses and evidence of gender bias attributed to some of the Tennessee Region's managers. In the alternative, Plaintiffs will establish specific employment practices which have a disparate impact on female employees of Wal-Mart's Region 43.

### 2. Defendant's Theory of the Case

This case is not amenable to class treatment for the same reasons the Supreme Court decertified the nationwide class in *Dukes v. Wal-Mart* and Judge Breyer denied certification of the subsequent proposed California "regional" classes. This case is nothing more than a rehashing of the same flawed claims asserted in *Dukes*, and it will similarly fail.

On June 19, 2001, Betty Dukes and five other women filed a complaint in the Northern District of California on behalf of a nationwide class that included "[a]ll women employed at any Wal-Mart domestic retail store at any time since December 26, 1998, who have been or may be subjected to Wal-Mart's challenged pay and management track promotions policies and practices." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 346 (2011) (alteration in original; internal quotation marks omitted). The district court granted class certification, and the Ninth Circuit largely upheld the order. The Supreme Court reversed the district court's class certification order in its entirety for (among other reasons) failure to satisfy Rule 23(a)(2)'s commonality requirement. On October 2, 2012, three former *Dukes* class members—Cheryl Phipps, Bobbi Millner, and Shawn Gibbons—filed the Complaint in this action, alleging that

Store Manager. Specifically, Plaintiffs challenge Wal-Mart's pay and promotion policies, practices, and decisions, all of which are attributable to a discrete group of managers who worked in this region.

Plaintiffs contend that these pay and promotion policies, practices, and decisions reveal a pattern or practice of intentional discrimination, as will be shown by refined statistical analyses and evidence of gender bias attributed to some of the Tennessee Region's managers. In the alternative, Plaintiffs will establish specific employment practices which have a disparate impact on female employees of Wal-Mart's Region 43.

### 2. Defendant's Theory of the Case

This case is not amenable to class treatment for the same reasons the Supreme Court decertified the nationwide class in *Dukes v. Wal-Mart* and Judge Breyer denied certification of the subsequent proposed California "regional" classes. This case is nothing more than a rehashing of the same flawed claims asserted in *Dukes*, and it will similarly fail.

On June 19, 2001, Betty Dukes and five other women filed a complaint in the Northern District of California on behalf of a nationwide class that included "[a]ll women employed at any Wal-Mart domestic retail store at any time since December 26, 1998, who have been or may be subjected to Wal-Mart's challenged pay and management track promotions policies and practices." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 346 (2011) (alteration in original; internal quotation marks omitted). The district court granted class certification, and the Ninth Circuit largely upheld the order. The Supreme Court reversed the district court's class certification order in its entirety for (among other reasons) failure to satisfy Rule 23(a)(2)'s commonality requirement. On October 2, 2012, three former *Dukes* class members—Cheryl Phipps, Bobbi Millner, and Shawn Gibbons—filed the Complaint in this action, alleging that

Wal-Mart had discriminated against them in pay or promotion decisions. The Plaintiffs here—like the *Dukes* plaintiffs before them—seek to challenge Wal-Mart's alleged failure to provide local managers with objective "job-related compensation and promotion criteria." Compl. ¶¶ 39-41, 43, 45-48, 51-55, 70-71, 151, 153. Again, as in 2001, they allege: (1) that the "Store Manager has the initial responsibility to set pay rates for individual hourly employees" with oversight from the District Manager and Regional Vice President (*id.* ¶ 39), (2) that all pay increases above a certain percentage are "automatically reported to the District Manager who may approve or disapprove such exceptions" (*id.* ¶ 41), (3) that "minimum pay levels" are set by the District Manager and Regional Vice President (*id.* ¶ 38), and (4) that the Regional Vice President and District Manager also make or approve decisions regarding pay and promotions (*id.* ¶¶ 30, 32). These are the same theories advanced in *Dukes* and rejected by the Supreme Court. Because Plaintiffs will not be able to provide evidence supporting their allegations any differently than was done in *Dukes* (either in the nationwide or regional classes), class certification is inappropriate.

C. **Meet and Confer:** Counsel for the Parties met and conferred on Friday, January 13, 2017 and discussed the matters raised in Federal Rule of Civil Procedure 26(f) and Local Rules 16(d)(1)(c) and 16(d)(2).

D. **Initial Disclosures:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **Thursday, February 23, 2017**.

E. **Bifurcation:** Plaintiffs seek to represent a class of similarly situated current and former employees of Defendant pursuant to Federal Rule of Civil Procedure 23. The deadlines and procedures set forth herein govern this litigation through the Court's adjudication of Plaintiffs' Class Certification Motion. After the Court has adjudicated Plaintiffs' Class

3

Certification Motion, the Court will convene another case management conference to address the remaining schedule for this matter.

F. **Class Certification Discovery:** All discovery related to the potential certification of the class of individuals the Plaintiffs seek to represent shall be completed on or before **Monday, October 2, 2017**, with the exception that either party may take the depositions of putative class members who provide declarations in support of plaintiffs' motion for class certification or Wal-Mart's opposition to plaintiffs' motion for class certification after the declarations have been filed. The Court will address the scope and duration of further discovery during the subsequent case management conference addressed above. All written discovery related to the potential certification of the class of individuals the Plaintiffs seek to represent shall be submitted in sufficient time so that the response shall be in hand by **Monday, October 2, 2017**. No motions concerning discovery are to be filed until after the parties have conferred in good faith.

G. **Scope and Conduct of Discovery:** The parties agree that declarants who submit declarations in support of plaintiffs' motion for class certification or who submit declarations in support of Wal-Mart's opposition may be deposed, and to the extent such declarants are not parties or otherwise represented by party counsel, to engage in reasonable efforts to make such declarants available for deposition. The parties have different views regarding the number of depositions each party should be permitted to take. Plaintiffs contend the number of depositions should be limited to 10 per side. Wal-Mart contends that it should be permitted to take more than 10 depositions in light of the nature of the case, the fact that this case spans a time period of nearly two decades, and plaintiffs have identified more than a dozen witnesses in their complaint alone. As the case progresses, the parties shall meet and confer regarding the number of

4

depositions each side may take, and if they are unable to reach agreement, either party may seek leave of Court at any time to expand the number of permissible depositions. This relief may be sought on an expedited basis following the filing of declarations in support of, or in opposition to, the motion for class certification. Discovery motions are to be filed in accordance with the practice of the magistrate judge who will resolve any dispute(s). **Speaking objections are not allowed during the course of depositions.** Similar to Local Rule 39.01(d)(2), objections made during depositions shall be concisely states as being "hearsay," a conclusion," etc., without argument.

H. **Motions to Amend:** The parties shall file all Motions to Amend on or before **May 25, 2017**.

I. **Class Certification Motion:** Plaintiffs shall file their Motion for Class Certification, along with any supporting expert report, on or before **Friday, December 15, 2017**. Defendant shall file its opposition to Plaintiffs' Motion for Class Certification, along with any supporting expert report, on or before **Friday, February 9, 2018**. Plaintiffs shall file their reply in support of their Motion for Class Certification, along with any rebuttal expert report, on or before **Friday, March 16, 2018**. The Parties agree that within 72 hours of filing any expert report, the Party will send opposing counsel a list of available dates for the expert's deposition and all backup materials, including program and data files, to the extent not previously produced.

J. **Subsequent Case Management Conference:** A telephonic status conference is set for **August 29, 2017, at 10:30 a.m.** Plaintiff shall initiate the call, then contact the Court at 615-736-7344.

IT IS SO ORDERED.

_____
JEFFREY S. FRENSLEY
UNITED STATES MAGISTRATE JUDGE

5

Case 3:12-cv-01009   Document 120   Filed 01/24/17   Page 5 of 5 PageID #: 3066