# IN UNITED STATES DISTRICT COURT
## FOR MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CHERYL PHIPPS, BOBBI MILLNER, and SHAWN GIBBONS, | ) ) ) | CLASS ACTION |
| *Plaintiffs,* | ) ) | CIVIL ACTION |
| v. | ) ) | CASE NO. 3:12-cv-1009 |
| WAL-MART STORES, INC., | ) ) | JUDGE LAWSON |
| *Defendant.* | ) ) | MAGISTRATE JUDGE FRENSLEY |

## PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

# TABLE OF CONTENTS

I.   Factual and Procedural History ................................................................. 2

II.  Standard of review ............................................................................. 7

III. Argument ...................................................................................... 7

    A.   Wal-Mart Improperly Attempts to Narrow Discovery to the Core Group of Decisionmakers Within Region 43 ................................................. 7

    B.   Wal-Mart Improperly Attempts to Narrow the Definition of "Practices" to Some of Those Discussed at Oral Argument on Wal-Mart's Motion to Dismiss ............................................................................. 9

    C.   Plaintiffs' Requests Are Within the Scope of Discovery ..................... 11

    D.   Plaintiffs' Requests Are Not Vague and Ambiguous .......................... 13

    E.   Specific Requests ............................................................... 15

    F.   Other Disputed Discovery Requests ........................................... 24

IV.  Conclusion .................................................................................... 25

# TABLE OF AUTHORITIES

Page

**CASES**

*Agerbrink v. Model Serv. LLC*,
No. 14CIV7841JPOJCF, 2017 WL 933095 (S.D.N.Y. Mar. 8, 2017) ...................................12

*American Pipe & Constr. Co. v. Utah*,
414 U.S. 538 (1974)..................................................................................................................4

*Dukes v. Wal-Mart Stores, Inc.*,
222 F.R.D. 137 (N.D. Cal. 2004)................................................................................ *passim*

*Dukes v. Wal-Mart Stores, Inc.*,
603 F.3d 571 (9th Cir. 2010) (en banc) ..................................................................................3

*Fangman v. Genuine Title, LLC*,
No. CV RDB-14-0081, 2016 WL 560483 (D. Md. Feb. 12, 2016).........................................13

*Kane v. Nat'l Action Fin. Servs., Inc.*,
No. CIV.A. 11-11505, 2012 WL 1658643 (E.D. Mich. May 11, 2012)................................11

*Ladik v. Wal-Mart Stores, Inc.*,
291 F.R.D. 263 (W.D. Wis. 2013)...................................................................................4, 5, 6

*Miller v. Hygrade Food Prods. Corp*,
89 F. Supp. 2d 643 (E.D. Pa. 2000) .................................................................................7, 12

*Mills v. Barnard*,
No. 1:14-cv-150, 2016 WL 4466630 (M.D. Tenn. Aug. 24, 2016).........................................7

*Phipps v. Wal-Mart Stores, Inc.*,
792 F.3d 637 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 1163, 194 L. Ed. 2d 176
(2016).......................................................................................................................................4

*Phipps v. Wal-Mart Stores, Inc.*,
925 F. Supp. 2d 875 (M.D. Tenn. 2013)..................................................................................4

*S.S. v. E. Kentucky Univ.*,
532 F.3d 445 (6th Cir. 2008) ...................................................................................................7

*Sellars v. CRST Expedited, Inc.*,
No. C15-0117, 2016 WL 4771087 (N.D. Iowa Sept. 13, 2016)............................................12

*Staub v. Proctor Hosp.*,
562 U.S. 411 (2011)..............................................................................................................6, 9

Case 3:12-cv-01009   Document 124-1   Filed 06/12/17   Page 3 of 32 PageID #: 3122

# TABLE OF AUTHORITIES

Page

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)........................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26........................................................................................... *passim*

Fed. R. Civ. P. 34........................................................................................................14

Fed. R. Civ. P. 37..........................................................................................................7

M.D. Tenn. Local Rule 37.01(b)(3)..............................................................................7

Case 3:12-cv-01009   Document 124-1   Filed 06/12/17   Page 4 of 32 PageID #: 3123

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL

Plaintiffs respectfully file and serve this Memorandum in Support of Their Motion to Compel, requesting that this Court enter an order compelling Wal-Mart to provide full, complete responses to the discovery requests discussed in this Memorandum.

Wal-Mart makes two blanket objections to Plaintiffs' First Requests for Production of Documents. First, Wal-Mart contends that discovery must be limited a "core group of decisionmakers" in Region 43, ignoring the fact that there are relevant documents stored by custodians other than the decisionmakers; that the core group of decisionmakers may be significantly influenced by direction given by corporate-level management; and that there are some decisions, primarily related to hourly pay, for which store-level management plays an important role. Documents which show the creation and implementation of the policies and practices challenged in this case are relevant regardless of where they are located. A pattern or practice of discrimination is not established based on examining individual decisions, but rather overall statistical evidence, evidence of the actual practices, and evidence which may go to establish intent. This can certainly include evidence such as direction given from corporate leadership to the core group of decisionmakers, documents maintained by human resource personnel, internal studies completed by Wal-Mart showing the company was aware of gender disparities, and Wal-Mart's responses to these studies. These documents might provide solid evidence of what the core group of decisionmakers did and why they did it, but still not be documents found in the files maintained by those decisionmakers.

Second, Wal-Mart attempts to limit discovery to four discrete employment practices mentioned in one page of a hearing transcript from oral arguments on Wal-Mart's Motion to Dismiss. This attempted limitation is improper for many reasons, including that it overlooks

1

Plaintiffs' pattern or practice disparate treatment claims, which do not rely on proof of a specific employment practice having an adverse effect on the class members, and that it overlooks other portions of the oral arguments which mentioned other practices, as well as the underlying Complaint and the briefing on Wal-Mart's Motion to Dismiss.

Third, Wal-Mart refuses to produce documents and certain data sets, arguing that the terms used are vague and ambiguous. Wal-Mart used these same terms when it produced similar data sets in prior litigation, and therefore Wal-Mart has no grounds to argue the terms are confusing.

To date—over six months since Plaintiffs sent Wal-Mart their First Set of Requests for Production of Documents, and more than half-way through the discovery period—Wal-Mart has not produced a single document. Thus, in addition to the attempts Wal-Mart makes to limit the scope of discovery, they continue to delay producing the documents they have agreed should be produced.

## I.    FACTUAL AND PROCEDURAL HISTORY

In June 2001, a group of plaintiffs brought suit in the United States District Court for the Northern District of California on behalf of a nationwide class of female Wal-Mart retail sales employees with pay and/or promotion claims. Discovery leading to class certification was, by order of the district court, limited to "policies of nationwide applicability to defendant's retail stores," and did not permit discovery concerning the districts and stores within the region Wal-Mart defines as Region 43, located mainly in Tennessee.[1] Case Mgmt. Scheduling Order at 4, Cal. Dkt. 41 (Jan. 3, 2002). The district court certified the class, *Dukes v. Wal-Mart Stores, Inc.*,

---

[1] Plaintiffs understand Wal-Mart's Region 43 encompasses stores primarily in central and western Tennessee as well as a few stores in northern Georgia, northern Alabama, northern Mississippi, and eastern Arkansas. Doc. 1 ("Compl.") ¶ 5.

222 F.R.D. 137, 188 (N.D. Cal. 2004), and the Ninth Circuit largely affirmed, *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) (en banc).

The Supreme Court reversed, finding that the plaintiffs had provided insufficient evidence of commonality to satisfy Rule 23(a). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 356-358 (2011). The Court identified specific shortcomings in the plaintiffs' evidence that could be addressed on remand. First, the Court emphasized that the plaintiffs had identified neither a "general policy of discrimination" for their disparate treatment claim nor a "common mode of exercising discretion" for their disparate impact claim, as the commonality standard required. *Id*. at 356. As to the general policy of discrimination, the Court held that the statistical evidence did not support such a finding because it did not adequately account for the possibility that overall disparities were caused by results in just a few stores, and that absent statistical evidence, the remaining evidence was insufficient on its own to establish a pattern or practice. *Id*. at 356-357. With respect to Plaintiffs' disparate impact claim, the Court held that discretionary decisionmaking by itself failed to qualify as an employment practice that could be challenged for creating a disparate impact absent a showing of a common mode of exercising discretion. *Id*. at 355.

On October 2, 2012, Named Plaintiffs Cheryl Phipps, Bobbi Millner, and Shawn Gibbons ("Plaintiffs") filed a class action complaint on behalf of women working in Region 43. Doc. No. 1 ("Compl."). In the class claims advanced here, Plaintiffs challenge pay and promotion decisions attributed to a discrete group of managers who worked in this region. *See, e.g.*, Compl. ¶¶ 39, 41, 43. For example, Plaintiffs allege that pay decisions for Assistant and Co-Managers are made by the Regional Personnel Manager, with input from the District Manager and final approval by the Regional Vice President. Compl. ¶¶ 15, 46, 54.

3

On June 24, 2016, Wal-Mart filed a Motion to Dismiss, arguing that Plaintiffs failed to allege any facts differentiating this case from the *Dukes* case. Doc. No. 99.[2]  Plaintiffs opposed this Motion, pointing out the significant differences between the current region-specific class and the national class before the Supreme Court, including allegations of bias by a "core group of decisionmakers" in Region 43 who participated in or controlled the challenged employment practices. Doc. No. 104 at 12-13.  Plaintiffs stressed the extent to which discovery was needed to determine the ways in which pay and promotion decisions were made in Region 43:

> Such discovery would include, but not necessarily be limited to, an examination of pay and promotion practices in this region, criteria used in making pay and promotion decisions, the role of regional management in making, reviewing and approving such decisions, the views of managers about the suitability of women to serve in management and be paid comparably to men, and a statistical analysis of any gender disparities in pay and promotion decisions conducted at the level at which those decisions were made within this region.

*Id*. at 9.  Only with a fully developed record could the Court determine whether Plaintiffs could allege a "general policy of discrimination" in Region 43 sufficient to grant class certification.  *Id*. at 11.

On September 19, 2016, the Court held oral arguments on Wal-Mart's Motion to Dismiss.  Doc. No. 108.  There, Plaintiffs' counsel distinguished another regional class case against Wal-Mart in Wisconsin that had been dismissed, *Ladik v. Wal-Mart Stores, Inc*., 291 F.R.D. 263 (W.D. Wis. 2013).  Doc. No. 108 at 17:25-19:3.  Plaintiffs' counsel emphasized that

---

[2] Wal-Mart had previously moved to dismiss Plaintiffs' Complaint on October 25, 2012, arguing that Plaintiffs' class claims were time-barred because they could not benefit from tolling under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).  Doc. No. 20.  The district court granted Plaintiffs' Motion, *Phipps v. Wal-Mart Stores, Inc*., 925 F. Supp. 2d 875, 905 (M.D. Tenn. 2013), but the Sixth Circuit reversed, finding that Plaintiffs' class claims were entitled to *American Pipe* tolling and thus not time-barred, and remanded for further proceedings, *Phipps v. Wal-Mart Stores, Inc*., 792 F.3d 637, 640 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 1163, 194 L. Ed. 2d 176 (2016).

4

Plaintiffs do not challenge the same discrete policies outlined in *Ladik*, which included Pay Cap, Career Preference and Attendance Policies. *Ladik*, 291 F.R.D. 263. Counsel mentioned four policies—pay adjustments for exceptional performance, salaried employee pay decisions made by a single small group of regional managers, a relocation policy, and using non-job-related criteria for deciding promotions as "among practices" that Plaintiffs challenge. Doc. No. 108 at 18:3-24. Counsel then stressed, however, that Plaintiffs had alleged "both disparate impact and disparate treatment claims. The proof of them will inevitably be different." *Id*. at 20:14-17. In other words, counsel pointed out that Plaintiffs' disparate impact claims, requiring proof of specific employment practices causing a statistically significant adverse effect on female employees, was not the same as Plaintiffs' pattern or practice disparate treatment claims, which require proof of intentional discrimination by showing that Wal-Mart operates under a general policy of discrimination. Plaintiffs also addressed the weak legal posture of *Ladik*, which relied on one case that was subsequently overturned, and also did not have the benefit of other more recent Sixth Circuit authority. *Id.* at 19:15-20:9.

On November 18, 2016, the Court denied Wal-Mart's Motion to Dismiss. Doc. No. 111. As for Plaintiffs' disparate treatment allegations, the Court noted that Plaintiffs needed the benefit of a full evidentiary record in order to provide "significant proof that [Wal-Mart] operated under a general policy of discrimination." *Id*. at 12 (citing *Dukes*, 546 U.S. at 353).

As for Plaintiffs' focus on the "discrete group" of managers in Region 43, the Court noted that statements made by managers who made individual employment decisions are highly relevant, as "the Supreme Court has held 'if a supervisor performs an act motivated by [discriminatory] animus that is intended by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer

5

is liable.'" *Id*. at 15 n.6 (quoting *Staub v. Proctor Hosp*., 562 U.S. 411, 422 (2011)).  The Court

noted that Plaintiffs' counsel had argued at the hearing on the Motion to Dismiss that the "point

of discovery" was to determine whether decisions at the store level by store managers "flow[ed]

up to a certain level" in the Region.  *Id*. at 16 (quoting Doc. No. 108 at 23-24).  In addition, the

Court recognized that although the *Ladik* case had been decided on a motion to dismiss, that case

"concerned a wide-range of practices not presently at issue, including Pay Cap, Career

Preference, and Attendance Policies."  *Id.* at 14.

Plaintiffs sent Wal-Mart their First Set of Requests for Production of Documents on

November 22, 2016, and they were deemed served effective January 24, 2017, the date of the

parties' Rule 26 conference.  Attached as Ex. 1.  Wal-Mart served its Objections and Responses

on February 23, 2017.  Attached as Ex. 2.  In its Objections and Responses, Wal-Mart makes two

general objections to Plaintiffs' document requests.  First, it refuses to provide documents held

by and/or relevant to managers outside of the "core group of decisionmakers" in Region 43.

*Id.*at General Objection No. 6. Thus, it will produce documents involving the Regional Vice

President, Regional Manager, Regional Personnel Manager, District Managers and Market

Managers, but will not produce documents involving either corporate-level management or store-

level management (Store Managers and Assistant Managers).  Second, it refuses to produce

documents pertaining to Plaintiffs' pattern or practice disparate treatment claims regarding Wal-

Mart's alleged general policy of discrimination, or to practices that could be part of the disparate

impact claim, arguing that it should only produce documents relevant to four of the policies

discussed at oral argument.  *Id.* at General Objection No. 7.

Wal-Mart also refuses to produce certain data sets, arguing that the terms Plaintiffs use in

their requests are vague and ambiguous, even though these terms were used by Wal-Mart when

they produced the same data in previous litigation. *Id.* at Responses to Requests for Production Nos. 39-44.

## II.      STANDARD OF REVIEW

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Should a party's responses to discovery be evasive or incomplete, the party will be treated as though it failed to respond. Fed. R. Civ. P. 37(a)(4). The party seeking an order compelling discovery must certify that it made a good faith effort to resolve the discovery dispute before seeking the court's assistance. Fed. R. Civ. P. 37(a)(1); Local Rule 37.01(b)(3).[3]

The scope of discovery is "within the sound discretion of the trial court." *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (citation omitted). "Parties enjoy a broad scope of discovery in civil actions brought in federal court." *Mills v. Barnard*, No. 1:14-cv-150, 2016 WL 4466630, at *2 (M.D. Tenn. Aug. 24, 2016). "The scope of discovery through … requests for production of documents is particularly broad in a Title VII case." *Miller v. Hygrade Food Prods. Corp*, 89 F. Supp. 2d 643, 657 (E.D. Pa. 2000). Rule 26(b) of the Federal Rules of Civil Procedure outlines the permissible scope and limits of discovery in federal courts. As a general matter, Rule 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b).

## III.     ARGUMENT

### A.    Wal-Mart Improperly Attempts to Narrow Discovery to the Core Group of Decisionmakers Within Region 43

Wal-Mart objects generally to any request for information related to decisionmakers at Wal-Mart who are not part of the group of "core decisionmakers within" Region 43, quoting a

---

[3] Plaintiffs have provided this certification in their Motion to Compel.

portion of Plaintiffs' Opposition to Wal-Mart's Motion to Dismiss. Ex. 2 at General Objection No. 6 (quoting Doc. No. 104 at 1). Wal-Mart reads this phrase out of context. Plaintiffs used the term "core decisionmakers" in their opposition brief solely to show that "new evidence of bias by core decisionmakers within the one region at issue" had been alleged. Doc. No. 104 at 1, 12-13. Plaintiffs in no way implied that discovery could be limited to this group of regional decisionmakers. Information possessed by a number of different custodians is relevant to the claims made in this case, including documents showing direction from corporate headquarters to the core group of decisionmakers in Region 43, evidence from store managers, whose recommendations or decisions may have been relied upon and ratified by the core group of decisionmakers, and evidence from human resources, which is a primary source of official written policies, training regimens, and internal analyses revealing Wal-Mart was aware of, and unwilling to change, the persistent disparities adverse to women. Indeed, to the extent that Wal-Mart argues that decisions were in fact entrusted to lower-level decisionmakers and not made by the core group of decisionmakers, Plaintiffs are entitled to take discovery to determine if this argument is supported by any evidence.[4]

As the Court has already discussed in denying Wal-Mart's Motion to Dismiss, the

---

[4] Wal-Mart has more recently suggested that some such documents would not be relevant because they will "have no relationship to establishing that a particular policy had a disparate impact on female employees or that the core group of decisionmakers intentionally discriminated against any particular employee." Plaintiffs allege a classwide pattern or practice of intentional discrimination, not simply acts of discrimination against particular individual employees. Such allegations will not be resolved by a "focus … on individual … decisions, but on a pattern of discriminatory decisionmaking." *In'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 360 n.46 (1977). Reports establishing that Wal-Mart was aware of sustained disparities in women's representation in management, and any evidence about what, if anything, Wal-Mart did after becoming aware of such disparities, are relevant to establishing a pattern or practice of discrimination. Moreover, without knowing what analysis has been done in what reports Wal-Mart has prepared, it is quite possible that such assessments could demonstrate the existence of a disparate impact.

Supreme Court has held that an employer may be held liable for employment discrimination based on the discriminatory animus of an employee who influenced, but did not make, the ultimate employment decision.  Doc No. 111 at 15 n.6 (citing *Staub v. Proctor Hosp.*, 562 U.S. 411, 422 (2011)).  Thus, information from management at other levels in the company's corporate hierarchy beyond the core decisionmakers is relevant to the claims made in this case.

      B.    <u>Wal-Mart Improperly Attempts to Narrow the Definition of "Practices" to Some of Those Discussed at Oral Argument on Wal-Mart's Motion to Dismiss</u>

Wal-Mart objects generally to producing any documents related to Plaintiffs' allegations of discriminatory policies or practices beyond four specific practices Wal-Mart identified from amongst several mentioned by Plaintiffs' counsel at oral argument on Wal-Mart's Motion to Dismiss: the use of pay adjustments for exceptional performance; the system of setting pay for Assistant Manager and Co-Manager positions; the requirement of relocation for Manager-in-Training/Assistant Manager and Co-Manager positions; and the use of non-job related criteria for promotions into Manager-in-Training and Co-Manager positions.  Ex. 2 at General Objection No. 7 (citing Motion to Dismiss Hr'g Tr. at 18:7, 11-16, 20-24).

As with its attempt to narrow discovery to the core group of decisionmakers, Wal-Mart takes the discussion of these policies out of context in an effort to grossly narrow the scope of discovery permissible under Rule 26(b).  To be clear, Wal-Mart's list of four narrow practices comes exclusively from one page of a hearing transcript on Wal-Mart's Motion to Dismiss, and ignores other examples of specific employment practices outlined for the Court in Plaintiffs' Complaint and Opposition to the Motion to Dismiss, as well as references to other practices during the oral argument.  Compl. ¶ 15; Doc. No. 104 at 18-19 (mentioning discrete policies "such as Wal-Mart's refusal to consistently post job openings").  Plaintiffs' counsel is not seeking discovery in an area it told the Court was not at issue in this case, and never told the

Court that only the four practices Wal-Mart highlights were at issue—to the contrary, counsel referred to these practices as "among" the practices challenged. Doc. No. 108 at 18:19-20.

More fundamentally, Wal-Mart's attempt to narrow discovery to these four practices overlooks the fact that Plaintiffs bring not only disparate impact claims but also pattern or practice disparate treatment claims, which do not rely on identification of individual employment practices, but are established by proof of a general policy of discrimination. Therefore, regardless of Wal-Mart's misunderstanding of Plaintiffs' disparate impact theory, Plaintiffs are clearly entitled to information relevant to their disparate treatment claims of a general policy of discrimination—documents reflecting policies and practices relating to hourly pay, salaried pay and promotions from hourly to management positions; any information regarding Wal-Mart's awareness of gender disparities in pay and promotions, and what, if anything, Wal-Mart chose to do about such disparities; documents regarding Wal-Mart's training of managers; and EEO complaints. *See* Compl. ¶ 15.

Plaintiffs are also entitled to discovery more broadly in order to ascertain and eliminate other factors as the cause of the disparities identified. For instance, Plaintiffs seek through Request No. 11 documents related to Wal-Mart's tests and other selection criteria for promotion within the company. Ex. 1 at Request for Production No. 11. Wal-Mart has responded that these documents are not discoverable because they are not one of the four policies discussed in the hearing on the Motion to Dismiss. Ex. 2 at General Objections No. 7 & Response to Request for Production No. 11. Yet Wal-Mart glosses over the fact that it may rely on such tests as a non-discriminatory reason for differential rates of promotion between men and women in its defense against Plaintiffs' disparate treatment claims, and Plaintiffs therefore must be able to respond to such a defense, evaluating whether the test is legitimate and non-discriminatory.

10

Documents should be produced if they relate to the issues outlined in the Complaint, including but not limited to Wal-Mart's alleged general policy of discrimination that has led to gender disparities in pay and promotion.  *See Kane v. Nat'l Action Fin. Servs., Inc*., No. CIV.A. 11-11505, 2012 WL 1658643, at *5 (E.D. Mich. May 11, 2012) ("Plaintiff is entitled to seek discovery that is related to his complaint.").  There can be no doubt that these documents are relevant to Plaintiffs' claims.  Now that the Court has held that Plaintiffs have stated claims upon which relief can be granted, Plaintiffs are permitted a fair opportunity for discovery to support those claims.

    C.    <u>Plaintiffs' Requests Are Within the Scope of Discovery</u>

In their verbal and written correspondence with Plaintiffs' counsel, Wal-Mart's counsel has argued that by seeking documents beyond the core decisionmakers and the four discrete practices, Plaintiffs expand the scope of discovery beyond the needs of the case, citing as support the fact that over 100,000 documents were produced in the *Dukes* case after remand from the Supreme Court, yet only around 60 documents were attached to Plaintiffs' motion for class certification.  This supposed measure of proportionality makes no sense.  Measuring proportionality by counting the number of documents submitted to a court on one motion would encourage litigants to file thousands of documents solely to show a court that the documents sought were within the scope of discovery.  The parties have an obvious need to limit the number of documents filed with a court in order to focus the court's attention on the documents most helpful to the party's position.  More fundamentally, Wal-Mart ignores that documents may be used in significant and valuable ways without being submitted to the court, for example, by being used in a deposition or by educating counsel on Wal-Mart's policies and practices, which in turn helps shape deposition questions and other discovery efforts.  There are also often many documents which are duplicates, or near duplicates of each other, or which vary only slightly

from year to year, such that Plaintiffs may have received dozens, if not hundreds, of virtually identical documents in *Dukes*, while only submitting one to the court.

The actual proportionality factors under Rule 26 all weigh in Plaintiffs' favor. Proportionality is measured by "the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Wal-Mart cannot diminish the importance of the issues at stake in this case. Plaintiffs seek to represent a class of several thousand female employees alleging gender discrimination over a period of ten years. *See*, *e.g.*, *Miller*, 89 F. Supp. 2d at 657 ("The scope of discovery through interrogatories and requests for production of documents is particularly broad in a Title VII case."); *Sellars v. CRST Expedited, Inc.*, No. C15-0117, 2016 WL 4771087, at *3 (N.D. Iowa Sept. 13, 2016) (permitting broad discovery where plaintiffs alleged defendant "maintained an operating policy of sex discrimination"). And the issues at stake have a broader public importance beyond the Plaintiffs here. *See*, *e.g.*, *Agerbrink v. Model Serv. LLC*, No. 14CIV7841JPOJCF, 2017 WL 933095, at *3 (S.D.N.Y. Mar. 8, 2017) (noting in FLSA wage case that "the issues at stake … are of substantial public importance" because of "the public's interest in ensuring that workers receive a fair day's pay for a fair day's work.") (internal quotation marks and alterations omitted). The amount in controversy is also not insignificant. While Plaintiffs have not yet received any production of data and cannot offer a damages assessment yet, considering the alleged size of the pay disparities and number of women believed to be affected, and the time period covered by the case, at least tens of millions of

dollars are likely at issue.

Wal-Mart's access to relevant information likewise favors the discovery Plaintiffs seek. The advisory committee's note to the 2015 amendments to rule 26 states:

> Some cases involve what is often called "information asymmetry." One party—often an individual plaintiff—may have very little discoverable information. The other party may have vast amounts of information, including information that can be readily retrieved and information that is more difficult to retrieve. In practice these circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so.

Fed. R. Civ. P. rule 26 advisory committee's note to 2015 amendment. This is such a case; Wal-Mart possesses all of the relevant documents on its pay and promotion practices.

Finally, the discovery at issue is central to this case, and the benefit of discovery plainly outweighs the burden. As discussed in Section III.A and III.B above, critical issues concerning class certification cannot be decided on the incomplete set of documents Wal-Mart currently says it will produce. *See*, *e.g.*, *Fangman v. Genuine Title, LLC*, No. CV RDB-14-0081, 2016 WL 560483, at *4 (D. Md. Feb. 12, 2016) ("Courts . . . must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case.") (internal quotation marks omitted). And there is no reason to believe that Wal-Mart cannot easily search through its centrally-housed databases and organized files to find documents—such as diversity reports and analyses—that would be highly relevant in this case.

Given the importance of the issues in this case and Wal-Mart's sole access to the documents that will help resolve those issues, discovery should not be narrowed in the manner Wal-Mart suggests.

D.   Plaintiffs' Requests Are Not Vague and Ambiguous

Throughout its objections, Wal-Mart contends that it cannot respond to Plaintiffs'

13

requests because the terms Plaintiffs use to describe the documents are vague and ambiguous. Wal-Mart, a sophisticated company that has responded to these same document requests in prior litigation, cannot possibly be confused by these terms. A simple review of these terms shows how understandable they are: "plans," "requirements," "gender disparities in employment" and "similar positions" (Request No. 5); "changes to policies" (Request No. 6); "compensation of any hourly or salaried retail employee" (Request No. 10); "affirmative action or diversity plan or policy," "mechanisms, procedures or programs," and "implemented, monitored and/or enforced" (Request No. 16); "summaries or evaluations of … complaints" (Request No. 26). These terms are clear and have been used by the parties during years of litigation. Only now does Wal-Mart supposedly find them confusing.

More fundamentally, Wal-Mart has not told Plaintiffs whether it is withholding any documents based on these objections. Under Federal Rule of Civil Procedure 34, Wal-Mart has an obligation to state its objections with specificity. *See* Fed. R. Civ. P. rule 34 advisory committee's note to 2015 amendment. In particular, under Rule 34(b)(2)(C), an objection must "state whether anything is being withheld on the basis of the objection," which Wal-Mart has not done. *Id*. Instead, Wal-Mart lists a number of general objections to each document request, but does not state whether it is withholding documents or the specific objection it is using as the basis for withholding documents. Only by providing this information can Wal-Mart "facilitate an informed discussion of the objection." *Id*. Wal-Mart must specify whether it is withholding documents based on an individual objection, and produce any other responsive documents to which it does not object. Over six months after receiving Plaintiffs' requests, it has done neither.

Further, most recently Wal-Mart has added a new objection, that requests which refer to "gender" are not permitted because Title VII only applies to claims of "sex" discrimination.

Wal-Mart attempts to use hair-splitting to create ambiguity where there is none. As courts in this circuit have recognized:

> The Supreme Court made clear that in the context of Title VII, discrimination because of "sex" includes gender discrimination: "In the context of sex stereotyping, an employer who acts on the basis of a belief that a woman cannot be aggressive, or that she must not be, has acted on the basis of gender." *Price Waterhouse*, 490 U.S. at 250, 109 S.Ct. 1775.

*E.E.O.C. v. R.G. & G.R. Harris Funeral Homes, Inc.*, 100 F. Supp. 3d 594, 600 (E.D. Mich. 2015). This Court has used "sex" and "gender" interchangeably in discussing Title VII's protections. *See, e.g., Gee-Thomas v. Cingular Wireless*, 324 F. Supp. 2d 875, 881 (M.D. Tenn. 2004) ("Title VII also prohibits so-called "gender plus" or "sex plus" discrimination, by which an employer discriminates, not against the class of men or women as a whole, but against a subclass of men or women so designated by their sex plus another characteristic.").

    E.    <u>Specific Requests</u>

Specifically, Wal-Mart refuses to produce documents relevant to the following requests because they seek documents outside the core group of decisionmakers, seek documents beyond the four practices Wal-Mart contends are at issue, are purportedly vague and ambiguous, or some combination of these objections. The relevant portions of Wal-Mart's responses are underlined, and notes are provided below some of the requests and responses detailing subsequent correspondence on whether certain responsive documents would be produced.

**Request No. 5**:
    All documents, including but not limited to guidelines, manuals, handbooks and memoranda regarding policies, practices and directives concerning compensation of hourly and salaried retail store employees; increases or decreases to compensation of hourly and salaried retail store employees; performance evaluations or ratings of hourly and salaried retail store employees; posting of positions of support manager, management trainee or MIT, Assistant Manager, Co-Manager, Area Manager, Store Manager or similar positions; selection of support managers, management trainees or MIT, Assistant Managers, Co-Managers, Area Managers, Store Managers or similar positions, whether by promotion or otherwise; application or other expression of interest in the positions of

15

support manager, management trainee or MIT, Assistant Manager, Co-Manager, Area Manager, Store Manager or similar positions; gender discrimination in employment; gender disparities in employment; EEO or other employment complaints; and diversity or equal opportunity policies, goals, plans or requirements.

**Response**:

Wal-Mart incorporates each of the foregoing General Objections as though fully set forth herein. Wal-Mart further objects to this request on the grounds that the words "goals," "plans," and "requirements," and the phrases "gender disparities in employment" and "similar positions," are vague and ambiguous. <u>In addition, Wal-Mart object to this Request on the grounds that it is overbroad, not proportionate to the needs of this case, and to the extent it seeks documents that re not relevant to Plaintiffs' allegations regarding the challenged practices or the alleged "core group of decisionmakers" in Region 43.</u> Further, Wal-Mart objects to this request to the extent it seeks documents protected from disclosure by attorney-client privilege and the attorney work product doctrine. Subject to and without waiving any of the foregoing general and specific objections Wal-Mart responds as follows:

Wal-Mart will perform a reasonably diligent search of reasonably available documents and will produce Associate Handbooks, pay guidelines for field hourly associates and members of field management, equal employment policies (including equal employment policies published on the WIRE), and promotional guidelines in effect in Region 43 during the responsive time period.

**Note**: Wal-Mart has agreed to produce policies in effect in Region 43 to the extent they outline the EEO complaint process, completing performance evaluations, or applying for management positions. Yet Wal-Mart continues to refuse to produce memoranda related to the practices encompassed by Request No. 5. Plaintiffs are entitled to documents—whether from the core group of decisionmakers or anyone else—that would reflect important communications regarding the creation and implementation of these policies, beyond what is provided in the guidelines and handbooks themselves.

**Request No. 6**:

All documents reflecting or referencing changes to the policies, practices and directives concerning all areas listed in Request No. 5.

**Response**:

Wal-Mart incorporates each of the foregoing General Objections as though fully set forth herein. Wal-Mart further objects to this Request on the grounds that the phrase "changes to the policies, practices and directives concerning" numerous subjects is vague and ambiguous. <u>Wal-Mart further objects to this Request on the grounds that it is overbroad</u>

16

and not proportionate to the needs of this case, to the extent it seeks documents that are not relevant to Plaintiffs' claims and unduly burdensome because the documents produced in response to Request Number 5 will reflect changes over time. In addition, Wal-Mart objects to this Request to the extent it seeks documents protected from disclosure by attorney-client privilege and the attorney work product doctrine.

**Note**: Wal-Mart has agreed to produce formal communications to or from the core group of decisionmakers in Region 43 outlining or discussing changes to the policies outline in Request No. 5. For the reasons outlined in Section III.A above, this is insufficient—Wal-Mart must produce communications reflecting changes to its pay and promotion policies, regardless of whether the communication involved a member of the core group of decisionmakers in Region 43.

**Request No. 10**:
>   All documents from any employee or officer of the Regional Management Team, including the Regional Vice President and the Regional Personnel Manager and their assistants and/or delegates, relating to the compensation of any hourly or salaried retail employee.

**Response**:
>   Wal-Mart incorporates each of the foregoing General Objections as though fully set forth herein. Wal-Mart further objects to this Request on the grounds that the phrase "relating to the compensation of any hourly or salaried retail employee" is vague and ambiguous. In addition, Wal-Mart objects to this Request on the grounds that it is overbroad, not proportionate to the needs of the case, and unduly burdensome because it seeks information regarding thousands of individual employment decisions and potentially thousands of documents that would need to be identified during a manual review of thousands of personnel files. Wal-Mart also objects to this Request on the grounds that it seeks documents that are not relevant to Plaintiffs' allegations regarding the challenged practices. Wal-Mart further objects to the Request to the extent it seeks documents protected from disclosure by attorney-client privilege and the attorney work product doctrine.

**Note**: In an effort to compromise, Plaintiffs proposed that this request be limited to information regarding the Named Plaintiffs, so long as Wal-Mart agreed not to use any documents responsive to this request that it has deemed too burdensome to produce. Wal-Mart refused this offer, stating that it could not agree to forego using a document, even if it had

refused to produce that same document on the grounds that doing so would be too burdensome. This would permit an absurd result, allowing Wal-Mart to forego responding to a document request on burdensome grounds, while at the same time allowing Wal-Mart to nonetheless search through and use those documents in its defense. While ultimately Wal-Mart would produce to Plaintiffs such documents as it found supported its own case, Wal-Mart would, under its proposal, withhold only those documents as support Plaintiffs' claims. Such a one-sided approach to discovery can do nothing but permit painting a false appearance.

**Request No. 11**:

> All documents that reflect the manner, including selection factors and criteria, in which individuals are evaluated for salaried, management trainee and support manager (or similar) positions, including all tests, interview forms or other selection devices, as well as scoring criteria and weighting schemes, and any documents that reflect the manner in which the evaluation of these applications is monitored or validated.

**Response**:

> Wal-Mart incorporates each of the foregoing General Objections as though fully set forth herein. Wal-Mart further objects to this request on the grounds that it is overbroad, not proportionate to the needs of this case, seeks documents that are not relevant to Plaintiffs' allegations regarding the challenged practices, and it would be unduly burdensome to search for all identified documents. In addition, Wal-Mart objects to the Request to the extent it seeks documents protected from disclosure by attorney-client privilege and the attorney work-product doctrine. Wal-Mart further objects to this Request to the extent it seeks documents that Wal-Mart is contractually obligated to keep confidential.

> **Note**: In letters and meet and confer sessions, Wal-Mart has stated that tests and other selection criteria are not discoverable because they were not mentioned during the hearing on the Motion to Dismiss. Plaintiffs then explained that, in addition to the fact that these four practices should not narrow discovery in the manner Wal-Mart suggests, Wal-Mart may rely on such tests as a non-discriminatory reason for differential rates of promotion between men and women, and Plaintiffs need to be able to respond to such a defense, evaluating whether the test is legitimate or non-discriminatory. Wal-Mart nonetheless continues to refuse to produce such documents.

**Request No. 16**:

All documents comprising or relating to any affirmative action or diversity plan or policy, including but not limited to any mechanisms, procedures or programs intended to ensure that such plans or policies will be or have been implemented, monitored and/or enforced.

**Response**:

Wal-Mart incorporates each of the foregoing General Objections as though fully set forth herein. Wal-Mart further objects to this request on the grounds that the phrases "affirmative action or diversity plan or policy," "mechanisms, procedures or programs," and "implemented, monitored and/or enforced" are vague and ambiguous. In addition, Wal-Mart objects that this request is overbroad, not proportionate to the needs of this case, unduly burdensome, seeks documents that are not relevant to Plaintiffs' allegations regarding the challenged practices and seeks documents outside Region 43 and outside the responsive time period or the alleged "core group of decisionmakers" in Region 43. Further, Wal-Mart objects to this request to the extent it seeks documents protected from disclosure by attorney-client privilege and the attorney work product doctrine.

**Note**: Wal-Mart has agreed to produce documents through a search of the core group of decisionmakers' readily available ESI. For the reasons outlined in Section III.A above, this is insufficient. These documents may not appear in the ESI of the core group, and given the specific parameters outlined in the request, they are readily findable. Indeed, past discovery suggests that diversity policies or plans are most likely to be found with human resource personnel, not with management. In addition, Wal-Mart is fully aware that documents are not stored solely in electronic format; many relevant documents for the time period encompassed by this case were stored in their original paper form. A limitation to ESI is therefore improper.

**Request No. 17**:

All policies, guidelines and other communications regarding diversity policies or goals for advancement of women in management.

**Response**:

Wal-Mart incorporates each of the foregoing General Objections as though fully set forth herein. Wal-Mart further objects to this request on the grounds that the term "management" and the phrase "diversity policies or goals" are vague and ambiguous. <u>In addition, Wal-Mart objects that this request is not proportionate to the needs of this case, unduly burdensome, seeks documents that are not relevant to the challenged practices or the alleged "core group of decisionmakers" in Region 43, and seeks documents outside of Region 43 and outside the responsive time period</u>. Further, Wal-Mart objects to this request to the extent it seeks documents protected from disclosure by attorney-client privilege and the attorney work product doctrine.

**Note**: Wal-Mart has agreed to produce documents through a search of the core group of decisionmakers' readily available ESI. For the reasons outlined in Section III.A above, this is insufficient. These documents may not appear in the ESI of the core group; past discovery suggests that diversity policies or goals are most likely to be found with human resource personnel, and given the specific parameters outlined in the request, they are readily findable. In addition, Wal-Mart is fully aware that documents are not stored solely in electronic format; many relevant documents for the time period encompassed by this case were stored in their original paper form. A limitation to ESI is therefore improper.

**Request No. 18**:

All documents and materials related to trainings and instructions, including Walton Institute and EEO trainings, given to any level management that address the areas listed in Request No. 5.

**Response**:

Wal-Mart incorporates each of the foregoing General Objections as though fully set forth herein. Wal-Mart further objects to this request on the grounds that the term "management" in the context of this Request is vague and ambiguous, and the Requst is overbroad to the extent it seeks information about "trainings and instructions … given to any level of management." <u>In addition, Wal-Mart objects that this request is unduly burdensome, not proportionate to the needs of this case, seeks documents that are not relevant to the challenged practices or the alleged "core group of decisionmakers" in Region 43, and seeks documents outside of Region 43 and outside the responsive time period, and it would be unduly burdensome to search for all such documents</u>. Further, Wal-Mart objects to this request to the extent it seeks documents protected from disclosure by attorney-client privilege and the attorney work product doctrine. Wal-Mart also objects to this Request on the same grounds set forth in Wal-Mart's response to Request Number 5.

20

**Note**:  Wal-Mart has agreed to produce documents through a search of the core group of decisionmakers' readily available ESI.  For the reasons outlined in Section III.A above, this is insufficient.  These documents may not appear in the ESI of the core group, training material is maintained elsewhere, and given the specific parameters outlined in the request, is readily findable.  In addition, Wal-Mart is fully aware that documents are not stored solely in electronic format; many relevant documents for the time period encompassed by this case were stored in their original paper form.  A limitation to ESI is therefore improper.

**Request No. 26**:
All documents comprising or relating to any and all internal and external complaints of gender discrimination made by current or former store employees, including those made to the EEOC, alleging pay and/or promotion discrimination or retaliation based on a decision made or action taken within Region 43, including any documents relating to the investigation or settlement of such complaints and any summaries or evaluations of such complaints.

**Response**:
Wal-Mart incorporates each of the foregoing General Objections as though fully set forth herein.  Wal-Mart further objects to this request on the grounds that "summaries or evaluations of … complaints" is vague and ambiguous, and the Request is overbroad, unduly burdensome, not proportionate to the needs of this case, and seeks documents that are not relevant to the challenged practices or the alleged "core group of decisionmakers" in Region 43.  Further, Wal-Mart objects to the Request to the extent it seeks documents protected from disclosure by attorney-client privilege, the attorney work product doctrine and the privacy rights of current and former Wal-Mart employees.  Subject to and without waiving any of the foregoing general and specific objections, Wal-Mart responds as follows:
Wal-Mart will perform a reasonably diligent search of reasonably available documents and will provide non-privileged documents related to any formal complaints made by employees who worked in Region 43 during the responsive time period and raised <u>allegations of sex discrimination by the "core group of decisionmakers" in Region 43 or based on the challenged practices</u>.

**Request No. 28**:
All speeches and articles by senior executives (including the Regional Vice President of Region 43 or anyone in the chain of command above this Regional Vice President) that address this litigation or the areas listed in Request No. 5.

**Response**:

Wal-Mart incorporates each of the foregoing General Objections as though fully set forth herein. Wal-Mart further objects to this request on the grounds that the Request is overbroad to the extent it seeks documents related to Region 43 outside of the responsive time period. In addition, Wal-Mart objects to this Request on the grounds that it is not proportionate to the needs of this case, seeks documents that are not relevant to Plaintiffs' allegations regarding the challenged practices, and seeks documents related to individuals outside the "core group of decisionmaker" in Region 43. Wal-Mart also objects to this Request on the grounds that it would be unduly burdensome to search for all identified documents. Further, Wal-Mart objects to this Request on the same grounds set forth in Wal-Mart's response to Request Number 5. Subject to and without waiving any of the foregoing general and specific objections, Wal-Mart responds as follows:

Wal-Mart will perform a reasonably diligent search of reasonably available documents and will produce published <u>speeches and articles by Regional Vice-Presidents of Region 43 that occurred during the responsive time period and are relevant to Plaintiffs' allegations regarding the challenged practices.</u>

**Note**: Wal-Mart has agreed to produce speeches and articles by Regional Vice Presidents related to Wal-Mart's compensation policies, changes to compensation, gender disparities or equal employment policies. Thus, while Wal-Mart has agreed to produce documents relevant to the pay practices at issue beyond the four practices it has elsewhere argued are to limit discovery, it continues to refuse to produce documents from anyone outside the core group of decisionmakers, or to address promotion discrimination more completely.

**Request No. 35**:

All documents comprising or relating to any report, study or compilation concerning numbers or percentages of employees by gender in job assignments, salaried and/or hourly positions, management positions or other classifications, the distribution of employees among jobs, promotion rates and/or bid rates of employees.

**Response**:

Wal-Mart incorporates each of the foregoing General Objections as though fully set forth herein. Wal-Mart further objects to this Request on the grounds that the phrase "management positions" is vague and ambiguous in this context. <u>In addition, Wal-Mart objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportionate to the needs of this case, seeks documents that are not relevant to Plaintiffs' allegations regarding the challenged practices, and seeks documents that are not relevant to the "core group of decisionmakers" in Region 43 during the responsive time period.</u> Further, Wal-Mart objects to this Request to the extent it seeks documents protected from disclosure by attorney-client privilege and the attorney work product doctrine.

**Note**:  Wal-Mart has agreed to produce documents through a search of the core group of decisionmakers' readily available ESI.  For the reasons outlined in Section III.A above, this is insufficient.  These documents are not likely to appear in the ESI of the core group, but rather in human resources files, whether paper or electronic, and given the specific parameters outlined in the request, they are readily findable.  Since Wal-Mart is fully aware that documents are not stored solely in electronic format, and many relevant documents for the time period encompassed by this case were stored in their original paper form, the  limitation to ESI is improper.

**Request No. 38**:
>   Any and all documents which reflect Gap Analysis similar to the chart on WMHO_0665710, WMHO_0665703-0665709.

**Response**:
>   Wal-Mart incorporates each of the foregoing General Objections as though fully set forth herein.  Wal-Mart further objects to this Request on the grounds that the phrase "Gap Analysis similar to the chart" is vague and ambiguous.  <u>In addition, Wal-Mart objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportionate to the needs of this case, seeks documents that are not relevant to Plaintiffs' allegations regarding the challenged practices, and seeks documents that are not relevant to the "core group of decisionmakers" in Region 43 during the responsive time period</u>.  Further, Wal-Mart objects to this Request to the extent it seeks documents protected from disclosure by attorney-client privilege and the attorney work product doctrine.

>   **Note**:  Wal-Mart has agreed to produce documents through a search of the core group of decisionmakers' readily available ESI.[5]  For the reasons outlined above, this is insufficient.

These documents are not likely to appear in the ESI of the core group, but rather with human resources personnel; given the specific parameters outlined in the request—pointing to the exact eight-page document from the *Dukes* case and requesting similar documents for Region 43— they are readily findable.  In addition, Wal-Mart is fully aware that documents are not stored

---

[5] Because Wal-Mart has agreed to produce documents responsive to this request (though only from searching the ESI of the core group of decisionmakers), Plaintiffs assume that Wal-Mart no longer argues that referencing the *exact document* from prior litigation in another Wal-Mart region makes the request vague and ambiguous.  Yet if Wal-Mart continues to make this objection, it is unfounded for the reasons discussed in Section III.D above.

solely in electronic format; many relevant documents for the time period encompassed by this case were stored in their original paper form. A limitation to ESI is therefore improper.

F.   Other Disputed Discovery Requests

In addition to the two general discovery issues outlined in Sections III.A and III.B above, the parties have reached an impasse regarding two requests for production of data. Wal-Mart argues that the terms Plaintiffs use to identify the databases are vague and ambiguous. Not so. These requests identify by name the specific databases Plaintiffs seek, using the name Wal-Mart applied to them in the earlier *Dukes* litigation. For example, the "Management Career Selection" database in Request No. 40 was central to Wal-Mart's prior attempt to defend against claims of discrimination with respect to management promotions; its expert made heavy use of that database. Likewise, a sophisticated company such as Wal-Mart uses computerized data and programs, including the "applicant flow data" described in Request No. 41, regularly, and produced this data in *Dukes*. For Wal-Mart now to suggest that it does not know what these databases are, or why they are relevant, frankly makes no sense. Below are the specific document requests and responses:

**Request No. 40**:
    All computerized data and programs contained within and relating to the Management Career Selection (MCS) database or any other database that identifies management openings.

**Response**:
    Wal-Mart incorporates each of the foregoing General Objections as though fully set forth herein. Wal-Mart further objects to this Request on the grounds that the phrases "computerized data and programs" and "management openings" are vague and ambiguous. In addition, Wal-Mart objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportionate to the needs of this case, seeks information that is not relevant to Plaintiffs' allegations regarding the challenged practices, and seeks information that is not relevant to the "core group of decisionmakers" in Region 43 during the responsive time period.

**Note**:  Wal-Mart has agreed to produce MCS data which reflects expressions of interest in promotion by individuals in Region 43, as part of its response to another request.  However, Wal-Mart continues to refuse to produce data from MCS which reflects which positions were posted as being available.

**Request No. 41**:
>All computerized applicant flow data regarding applications and/or selection for departmental, supervisory and/or salaried management positions.

**Response**:
>Wal-Mart incorporates each of the foregoing General Objections as though fully set forth herein.  Wal-Mart further objects to this Request on the grounds that the phrase "computerized applicant flow data" is vague and ambiguous.  In addition, Wal-Mart objects to this Request on the grounds that it is unduly burdensome, not proportionate to the needs of this case, seeks documents that are not relevant to Plaintiffs' allegations regarding the challenged practices, and seeks documents that are not relevant to the "core group of decisionmakers" in Region 43 during the responsive time period.

**Note**:  Wal-Mart has again suggested that its response to Request No. 39, encompassing other HR data, will provide responsive information to Request No. 41.  While such data will show who expressed interest in promotion and who was ultimately promoted, it will not provide data on the entire process, which Plaintiffs believe is tracked by Wal-Mart, showing which employees were considered for each vacancy, which of them were deemed to meet the minimum qualifications, and how each candidate fared at each point in the selection process.  Such data, if it exists, would permit Plaintiffs to identify the specific stages or elements of Wal-Mart's selection process that have a disparate impact on the putative class.

## IV.    CONCLUSION

In sum, Wal-Mart cannot argue that discovery can be limited to the core group of decisionmakers and four of the practices discussed at oral argument, and cannot feign confusion as to terms describing its data when it used those same terms to produce similar data in the past.

25

Plaintiffs respectfully request that the Court compel Wal-Mart to produce documents responsive to Plaintiffs' document requests.

Dated: June 12, 2017

Respectfully Submitted,

*/s/Christine E. Webber*
**DAVID W. GARRISON (No. 24968)**
**SCOTT P. TIFT (No. 27592)**
**SETH M. HYATT (No. 31171)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
shyatt@barrettjohnston.com

**JOSEPH SELLERS (admitted *pro hac vice*)**
**CHRISTINE WEBBER (admitted *pro hac vice*)**
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave NW, Suite 500 West
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
JSellers@cohenmilstein.com
CWebber@cohenmilstein.com

**JOCELYN D. LARKIN (admitted *pro hac vice*)**
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: (510) 845-3473
Facsimile: (510) 845-3645
jlarkin@impactfund.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served upon the following via the Court's ECF system on this the 12th day of June, 2017:

Michele L. Maryott
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Irvine, CA 92612
Telephone: 949.451.3945
Facsimile: 949.475.4668
mmaryott@gibsondunn.com

Theodore J. Boutrous, Jr.
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213-229-7000
Facsimile: 213-229-7520
tboutrous@gibsondunn.com

Rachel S. Brass
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306
rbrass@gibsondunn.com

**DAVID W. GARRISON**
**SCOTT P. TIFT**
**SETH M. HYATT**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
shyatt@barrettjohnston.com

**JOSEPH SELLERS (admitted *pro hac vice*)**
**CHRISTINE WEBBER (admitted *pro hac vice*)**
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave NW, Suite 500 West
Washington, DC 20005
Telephone: (202) 408-4600

27

Facsimile: (202) 408-4699
JSellers@cohenmilstein.com
CWebber@cohenmilstein.com

**JOCELYN D. LARKIN (admitted *pro hac vice*)**
THE IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: (510) 845-3473
Facsimile: (510) 845-3645
jlarkin@impactfund.org

*/s/ Christine E. Webber*