IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHERYL PHIPPS, et al. | ) | |
|     Plaintiff, | ) | Class Action |
| | ) | |
| v. | ) | Civil No. 3:12-cv-1009 |
| | ) | Judge David M. Lawson |
| WAL-MART STORES INC. | ) | Magistrate Judge Frensley |
|     Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiffs' Motion to Compel (Docket No. 124) to which defendant has filed a response in opposition (Docket No. 126) and plaintiffs have filed a reply (Docket No. 131). For the reasons stated herein, plaintiffs' motion is GRANTED in part, and DENIED in part.

In addition to setting forth the procedural and factual history of the case, the parties have extensively briefed the issues in dispute and properly set forth the standard of review regarding the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure.

The essence of the parties' dispute boils down to a disagreement regarding the proper scope of the requested document production. Based in part on arguments made by plaintiffs' counsel and the court's ruling on the defendant's motion to dismiss, defendant contends that discovery should be limited to a "discrete group" of decision makers and a "number of discrete employment practices" referenced by plaintiffs' counsel at oral argument on the motion to dismiss. Docket No. 126, p. 5. Plaintiffs counter that the defendant's unilaterally imposed limitations on the scope of discovery are not appropriate.

While the court will address each of the outstanding requests in turn, the rulings are based upon two significant considerations. First, in order for a document, policy or practice to be

relevant the decision maker has to be aware of that document, policy or practice. While many things are communicated in an electronic format that is not the case for everything. Therefore, plaintiffs are rightfully entitled to any information known by or communicated to the decision makers irrespective of the manner in which it was communicated to them. Second, whether the court ultimately limits plaintiff's claims to the four specific employment practices referenced by plaintiffs' counsel at oral argument on the motion to dismiss, such limitation is not appropriate for purposes of discovery.

In addition to the fact that plaintiffs strongly dispute they are limited by the practices outlined by Defendant, it is clear that other evidence of discrimination beyond an asserted adverse action may be relevant to the issue of intent or to provide context even if it does not constitute an actionable claim. One such example is "me too" evidence. Such evidence is neither per se admissible or per se inadmissible but rather requires a case by case analysis under Federal Rules of Evidence 401 and 403. *Sprint /United Mgmt. Co. v. Mendelsohn*, 552 U. S. 379, 388 (2008). Nonetheless, it is discoverable. Another example is evidence of employment practices prior to or after the alleged adverse action. *See, EEOC v. Roadway Exp., Inc*. 261 F. 3d 634, 642 (6th Cir 2001). While such evidence may be outside the statute of limitations and thus not actionable it is still discoverable.

Wide discretion is given to the trial court to balance the needs and rights of both the plaintiff and defendant in discovery matters relating to employment discrimination cases. *Scales v. J. C. Bradford & Co*., 925 F. 2d 901, 906 (6th Cir, 1991). While such evidence may or may not be admitted at trial, its ultimate inadmissibility is not a basis to deny a party discovery on the issue. Such is the case here. While plaintiffs may ultimately be limited to the practices identified by the defendant, evidence beyond the narrow scope of those practices may be admissible and is

2

discoverable.

**Request Nos. 5 and 6.  Policy Memoranda and Communications**

Plaintiffs contend that they are "entitled to documents regarding the creation and implementation of pay and promotion policies generally and, cannot be limited to the core decision makers." Docket No. 131, pp. 10-11. They further assert that the response cannot be limited to those documents "emailed or otherwise sent" to the decision makers. *Id*. Defendant asserts it has already agreed to produce many policies and formal communication or memoranda sent to or from the decision makers regarding the policies or changes thereto. Docket No. 126, p. 117.

The court finds the defendant's meet-and-confer proposals (Docket No. 128-2) to be sufficient and adequate responses to request numbers 5 and 6. However, defendant shall produce all responsive documents provided to the decision makers regardless of the manner in which they were provided, and not limited only to those responsive documents provided to the decision makers via email or other electronic format.

**Request No. 10. Compensation Communications**

This request seeks documents "relating to the compensation of any hourly or salaried retail employee." Docket No. 124-1, p. 21. Defendant asserts this would require a search of communications among approximately five thousand members of salaried management regarding thousands of employees in the region during the relevant time. Docket 126, p. 17. Plaintiffs respond regarding their efforts in the meet-and-confer proposals to limit the requests to only the named plaintiffs as long as defendant agrees not to use responsive documents as part of its defense. Docket No. 131, p. 8. Defendant responds that the limitation on its ability to use

documents regarding other than the named plaintiffs is inappropriate given the breadth of the request for all documents "relating to the compensation" of certain employees. Id at p. 18.

Defendant shall produce any responsive documents as to the named plaintiffs only. Given the breadth of the request for all documents "relating to the compensation" of certain employees, the court will not limit the use of additional documents that may be responsive to this request in some fashion by defendant. Nonetheless, any documents defendant intends to use that are responsive to this request should be produced or may be excluded.

**Request No. 11. Documents Regarding Testing**

Defendant objects to providing responsive documents on the grounds that "testing" is not among the practices challenged by the plaintiffs in this action.

The court finds that documents responsive to request number 11 are relevant to the issues presented in this case and for the reasons noted above should be produced by the defendant.

**Request Nos. 16, 17, and 18. Documents and Communications Regarding Diversity and EEO**

Defendant contends that its production should be limited to only those communications and materials received by the core decision makers and has agreed to produce documents relevant to Request Nos. 16, 17, and 18 through reasonable searches of ESI for the core group of decision makers Docket No. 126, p. 19. Plaintiffs contend a limitation to ESI for production is improper. Docket No. 124-1, pp. 18-20.

The court agrees that limiting production only to those documents provided to the core group of decision makers electronically is insufficient. While a limitation on production of those documents provided to the core decision makers is appropriate, defendant shall produce any responsive documents regardless of the manner in which it was provided to the decision makers.

**Request No. 26. Sex Discrimination Complaints**

4

Plaintiffs seek documents related to internal and external complaints of gender discrimination alleging pay or promotion discrimination within Region 43 during the relevant time period. Docket No. 124-1, p. 21. In the meet-and-confer proposals, defendant agreed to "search any centralized source of complaints data and produce non-privileged materials related to complaints about sex discrimination: (1) by the core groups; or (2) based on the challenged practices." Docket No. 126, p. 19. Plaintiffs contend that these limitations on the scope of the complaints produced are inappropriate and due to a lack of sophistication of the complaining employees, may not be asserted in a fashion that would be captured by the limitation even if that was intended by the employee. Docket No. 131, pp. 9-10.

The court finds the limitations imposed by the defendant regarding the prior complaints of sex discrimination or retaliation are too narrow. Limiting production to complaints made regarding conduct in Region 43 for the relevant time period is sufficiently narrow and tailored to provide relevant information. Defendant shall provide any documents responsive to Request No. 26 as the request is written subject to the limitations contained therein.

**Request No. 28. All Senior Executive Speeches and Articles**

Plaintiffs request all speeches and articles by senior executives addressing this litigation. Docket No. 124-1, p. 20. In its meet-and-confer proposal defendant has agreed to produce published speeches and articles by Regional Vice Presidents of Region 43 during the responsive time period that relate to the challenged practices or defendant's compensation policy, changes to compensation, gender disparities or equal employment policies. Docket No. 126, p. 20. Defendant further argues that the request has no relationship to the decisions challenged and because such speeches and articles are not stored in a central location and the individuals whose speeches and articles are requested are not identified with any specificity, the efforts necessary to

5

discover any responsive documents are not proportional to the needs of the case. *Id*. Finally, to the extent articles are publically available, they are equally available to plaintiffs. *Id.* Plaintiffs respond that speeches and articles regarding gender disparity within the company, EEO complaints, and the like are relevant and not likely created by the core group of decision makers. Docket No. 131, pp. 10-11.

The court finds that the meet-and-confer proposals suggested by the defendant are sufficient and adequate with one exception. Request No. 28 seeks speeches and articles by senior executives "that address this litigation." Docket No. 124-1, p. 21. To the extent that they are speeches or articles by senior executive officials above the level of regional vice president that "address this litigation," meaning the instant case, defendant should produce those documents.

**Request Nos. 35 and 38. All Corporate-Level Reports Regarding Representation of Women**

The Plaintiffs describe the information requested in Request Nos. 35 and 38 as "reports concerning the representation of female employees at Wal-Mart." Docket No. 131. p. 11. Defendant has indicated its willingness to produce documents from a search of the core group's ESI "related to the alleged awareness of Wal-Mart-writ large- of any general 'disparities' in female employees' promotion rates or pay." Docket No. 126, p. 25. Plaintiffs assert responsive documents would have been created by the human resources department and limiting any search to ESI is improper. Docket No. 124-1, p. 23.

The court finds that the request as written is overly broad insofar as it requires production of not only any report but "all documents comprising or relating to any report. . . ." Docket No. 124-1, p. 22. Request No. 38 similarly requests "any and all documents which reflect Gap Analysis… ." *Id.* at p. 23. The court does believe than any reports regarding representations of women or charts reflecting Gap Analysis similar to those identified in Request No. 38 should be

produced. While such reports may not be dispositive of any issues raised by the plaintiffs, the court believes them to be relevant and discoverable. Limiting the production to only those items electronically stored by the core group of decision makers is insufficient. Therefore, defendant shall produce any reports or charts responsive to No. 35 and 38 irrespective of how or where they are stored.

This order disposes of Docket No. 124.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**