IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHERYL PHIPPS, et al.** | ) | |
| **Plaintiff,** | ) | Class Action |
| | ) | |
| v. | ) | Civil No. 3:12-cv-1009 |
| | ) | Judge David M. Lawson |
| **WAL-MART STORES INC.** | ) | Magistrate Judge Frensley |
| **Defendant.** | ) | |

## ORDER

Pending before the Court is the Plaintiff's Motion to Compel (Docket No. 134) with memorandum in support (Docket No. 134-1). Defendant has filed a response in opposition to the Motion to Compel (Docket No. 134). Plaintiffs seek an Order directing defendant to produce full and complete production of documents in response to plaintiffs' First Set of Request for Production of Documents sent November 22, 2016 and deemed served effective January 24, 2017. Docket No. 134. Plaintiffs also request that the court order defendant to pay expenses including attorneys' fees incurred in filing the motion. *Id.* Plaintiffs also suggest the discovery schedule should be extended. *Id.* Defendant asserts it has been engaged in ongoing meet-and-confer efforts and has produced significant amounts of responsive data and "expects to substantially complete its rolling production by September 15." Docket No. 135. For the reasons stated herein, plaintiffs' Motion to Compel is GRANTED in part, and DENIED in part.

The court is aware of the ongoing discovery disputes regarding the production of documents in this case. See Docket No. 124. Given the scope of discovery in this case, rolling production of documents is not unreasonable. To the extent defendant anticipates completion of its document production by September 15, 2017, plaintiffs' desire for an Order requiring production of responsive documents by a date certain is addressed.

Plaintiffs' Motion to Compel (Docket No. 134) is GRANTED. Defendant shall provide all responsive documents to the plaintiffs' Request for Production of Documents (subject to continuing duty of supplementation) on or before September 15, 2017. Plaintiffs' request that the court order defendant to pay expenses including attorneys' fees is DENIED. To the extent the parties believe modification to the scheduling order is appropriate they are instructed to file a separate motion with the court seeking relief from the scheduling order and proposing revised deadlines based upon the court's rulings.

**IT IS SO ORDERED.**

                                                                            _____
                                                                            **JEFFERY S. FRENSLEY**
                                                                            **U. S. Magistrate Judge**