IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHERYL PHIPPS and SHAWN GIBBONS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-01009 |
| ) | Judge Lawson/Frensley |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court upon "Motion of Defendant Wal-Mart Stores, Inc. to Quash the Subpoena to Hay Group, Inc." Docket No. 164. Defendant has also filed a supporting Memorandum of Law. Docket No. 165. Plaintiffs have filed a Response in Opposition. Docket No. 174. For the reasons discussed below, Defendant's Motion is GRANTED.

## I. THE DISCOVERY MATTER AT ISSUE

In this employment discrimination class action, Plaintiffs allege that Defendant discriminated against them because of their gender. *See* Docket No. 1. Among other claims, Plaintiffs claim that "[Defendant's] compensation policies, including its failure to require managers to base pay decisions for individual employees on job-related criteria, such as experience or documented performance, have had an adverse impact upon its female employees in Region 43."[1] *Id.* at 12.

---

[1] The Plaintiffs in this matter all allege gender discrimination by Defendant in Defendant's stores located in an area of the country defined as "Region 43," which includes Middle and Western Tennessee, as well as portions of Alabama, Arkansas, Georgia, and Mississippi. Docket No. 1, p. 2.

The Hay Group is a third party consultant that worked with Defendant during the time of the *Dukes* litigation.[2] Docket No. 153, p. 5; Docket No. 165, p. 5. The Parties have been involved in a discovery dispute regarding documents related to the Hay Group's work. *See* Docket Nos. 152, 153, 163, 174. Those documents have been loosely termed "the Hay Group documents." *Id.* In addition to moving to compel production of the Hay Group documents from Defendant, Plaintiffs also served document requests by subpoena on the Hay Group. Docket No. 149-1. The documents requested are:

> 1. All documents pertaining to the creation and implementation of a new pay classification structure at Defendant's stores, including but not limited to:
>
>> a. All questionnaires and surveys conducted by you or anyone acting at your direction or request, including responses to those questionnaires and surveys, and any analyses or summaries of same;
>>
>> b. All documents related to focus groups, interviews, or site visits conducted by you or anyone acting at your direction or request, including but not limited to dates and locations of those focus groups, interviews and site visits, minutes, transcripts, agendas, notes, attendance records and recordings;
>>
>> c. All documents reflecting the methods and analyses you used in formulating recommendations about Defendant's pay classification structure;
>>
>> d. All documents related to a "neutralization adjustment" made by Defendant, to adjust pay rates at the time of

---

[2] *Dukes* is a previous employment discrimination case brought against Defendant in California, that sought to be a nation-wide class action. *Dukes v. Wal-Mart Stores, Inc.*, 222 F.R.D. 137 (N.D. Cal. 2004). After the Supreme Court failed to uphold class certification in *Dukes*, "[t]he original Dukes plaintiffs amended their complaint in the Northern District of California, narrowing the scope of the proposed class to gender discrimination within four Wal-Mart regions covering mostly California." Docket No. 111, p. 5, *citing Dukes v. Wal-Mart Stores, Inc.*, 2012 WL 4329009, *2 (N.D. Cal. Sept. 21, 2012) ("*Dukes II*"). A full discussion of these two cases and their relationship to the current litigation can be found at Docket No. 111.

     implementing the new hourly pay structure in a manner
     which would reduce gender disparities; and
    e. Any communications on the above listed topics.

  2. All documents related to any recommendations or proposals
  made by you to Defendant concerning Defendant's evaluation of
  or compensation for hourly or salaried employees working in
  Defendant's retail stores, including any communications with
  Defendant regarding same.

  3. All documents related to any recommendations or proposals
  made by you to Defendant concerning Defendant's policies or
  procedures for considering and selecting individuals for promotion
  to any position in Defendant's retail stores, including any
  communications with Defendant regarding same.

Docket No. 149-1, p. 7-8.

## II. LAW AND ANALYSIS

### A. Discovery Under the Federal Rules of Civil Procedure

  Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(5) sets out the steps that a party must take if it withholds information otherwise discoverable based upon a claim of privilege or a claim that the information is protected by the work product doctrine. The party asserting the privilege or work product protection has the burden of showing that those protections apply. *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006); *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999). Fed. R. Civ. P. 37(a) provides that the Court may compel the disclosure or discovery of documents improperly withheld after a request has been made under Fed. R. Civ. P. 34.

### B. Standing to Challenge Subpoenas

  Defendant's Motion is directed at a third party subpoena and implicates the question of standing, which requires the Court to determine whether Defendant has alleged "such a personal

3

stake in the outcome" of its Motion "as to warrant . . . invocation of federal court jurisdiction and to justify exercise of the Court's remedial powers." *Loren v. Blue Cross & Blue Shield of Michigan*, 505 F.3d 598, 607 (6th Cir. 2007), *quoting Warth v. Seldin*, 422 U.S. 490, 498-99, 95 S.Ct. 2197 (1975). Defendant contends that it does have such standing (Docket No. 165, p. 11), and Plaintiffs do not contest the issue. *See* Docket No. 174. As the documents sought are exclusively those related to the Hay Group's work with Defendant, the Court finds that Defendant has standing to challenge the subpoena to the Hay Group.

### C. The Subpoena to the Hay Group

On timely motion, Rule 45 of the Federal Rules of Civil Procedure requires the court to quash or modify a subpoena that: (1) does not allow reasonable time to comply; (2) requires a nonparty to travel more than 100 miles from his or her residence; (3) requires disclosure of a privileged or protected matter; or (4) subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A). This Court has previously found that the documents sought by the subpoena to the Hay Group are protected by the work product doctrine. *See* Docket No. 213. Because compliance with the subpoena would require the Hay Group to disclose protected matter, for the reasons explained in the Court's prior Order, Defendant's Motion (Docket No. 164) is GRANTED and the subpoena to the Hay Group is QUASHED.

IT IS SO ORDERED.

_____
Jeffery S. Frensley
United States Magistrate Judge