UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHERYL PHIPPS AND SHAWN GIBBONS, On Behalf of Themselves and all Others Similarly Situated, | ) ) ) ) ) CLASS ACTION ) ) CASE NO. 3:12-cv-01009 |
| *Plaintiffs,* | ) ) |
| v. | ) JUDGE LAWSON ) ) MAGISTRATE JUDGE FRENSLEY |
| WAL-MART STORES, INC. | ) ) |
| *Defendant.* | ) ) ) |

**DEFENDANT WAL-MART STORES, INC.'S
CORRECTED REPLY IN SUPPORT OF MOTION TO EXCLUDE
THE DECLARATION OF MARC BENDICK, Jr., Ph.D.**

# TABLE OF CONTENTS

Page

Statistical Insignificance ............................................................................................1

Work Experience..........................................................................................................4

Applicant Interest in Promotions ................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Boeing Co.*,
    222 F.R.D. 521 (N.D. Okla. 2004) ...................................................................................3

*Comcast Corp. v. Behrend*,
    569 U.S. 27 (2013) ............................................................................................................6

*Cook v. Rockwell Int'l Corp.*,
    580 F. Supp. 2d 1071 (D. Colo. 2006) ..............................................................................6

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ..........................................................................................................1

*Ellis v. Costco Wholesale Corp.*,
    285 F.R.D. 492 (N.D. Cal. 2012) ......................................................................................2

*Gen. Elec. Co. v. Joiner*,
    522 U.S. 136 (1997) ..........................................................................................................5

*Grant v. Metro. Gov't of Nashville and Davidson Cty.*,
    446 F. App'x 737 (6th Cir. 2011) ......................................................................................6

*Little v. Wash. Metro. Area Transit Auth.*,
    249 F. Supp. 3d 394 (D.D.C. 2017) ..................................................................................7

*McReynolds v. Sodexho Marriot Servs., Inc.*,
    349 F. Supp. 2d 1 (D.D.C. 2004) ......................................................................................2

*Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*,
    No. C-06-1066 PJH (EMC), 2008 WL 4601038 (N.D. Cal. Oct. 15, 2008) ........6

*Middleton v. City of Flint*,
    92 F.3d 396 (6th Cir. 1996) ..............................................................................................7

*Nelson v. Tenn. Gas Pipeline Co.*,
    243 F.3d 244 (6th Cir. 2001) ............................................................................................5

*Tyson Foods, Inc. v. Bouaphakeo*,
    136 S. Ct. 1036 (2016) ......................................................................................................4

# TABLE OF AUTHORITIES
(continued)

*U.S. v. City of Miami*,
    115 F.3d 870 (11th Cir. 1997) ...................................................................................7

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)..................................................................................................1,4

**Rule**

Fed. R. Evid. 702 .................................................................................................................1

**Other Authority**

R. Paetzold & S. Willborn, *The Statistics of Discrimination: Using
    Statistical Evidence in Discrimination Cases* (2017)...........................................3

Bendick's three methodological errors are not limited to the "weight" to be afforded his opinions (Opp. 5); rather, they render his opinions *inadmissible*. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

**1. Statistical Insignificance.** Bendick's only support for his conclusion that women were "consistently" paid less than men for the entire class period, Bendick Decl. ¶ 23, is a "pattern" of statistically insignificant results. But Bendick admits a statistically insignificant disparity is one that likely "arose by chance alone," and the "true disparity could have been zero." Bendick Dep. 135:21–136:5, 191:10–192:4. If Bendick is limited to statistically significant (i.e., meaningful) results, more than two-thirds of women experienced **no** adverse disparity in any store-year during the class period. *See* Bendick Decl. tbl. C-9; *see also* Bendick Dep. 193:7–197:14. This does not "establish the uniform, store-by-store disparity upon which the plaintiffs' theory of commonality depends." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 356–57 (2011).

Plaintiffs respond by highlighting that "an amazing 57–74% of [store-year] results are individually statistically significant [for] 1998–2003." Opp. 10. But they proposed an hourly pay class extending *to 2008*. They have not withdrawn Bendick's opinion as to those 5 additional years, when 89% of store-years have no significant disparities adverse to women. Their response simply underscores the lack of classwide impact.

1

Because such "underwhelming" results do not support Bendick's opinion (or commonality), Plaintiffs take the extreme position that "the Court *must* consider both [disparities] that are significant and non-significant at the individual store level." Opp. 6 (emphasis added). But their sources merely suggest that courts can look to aggregated statistics when the subgroups are too small to permit *any* statistically significant analysis. *See* Opp. 8–10. *That isn't the situation here.* Per Bendick, there were on average each year: 148 hourly employees per neighborhood market, 257 per discount store, and 558 per supercenter. Bendick Decl. tbl. C-1. And, in any case, by Bendick's own design, he ran regressions only on store-years with sufficient data to potentially produce significant results—and that was 1,060 of the 1,069 store-years at issue. *See id.* at ¶ 43 n.18; *see also* Bendick Dep. 210:18–211:6. Given such robust data, there is no scientific reason to consider a pattern of disparities generated by statistically insignificant results.

Plaintiffs point to only one post-*Dukes* case in support of their position, but that decision supports Wal-Mart, not Plaintiffs. Opp. 9 (citing *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 523 (N.D. Cal. 2012)). The *Ellis* court stated only that a "lack of statistically significant disparities" at the relevant decision-making level "says little about the classwide nature of Defendant's practices *given the small sample sizes*" for each unit (emphasis added). Plaintiffs' pre-*Dukes* cases are similarly inapposite. *See McReynolds v. Sodexho Marriot Servs., Inc.*, 349 F. Supp. 2d 1, 16

2

(D.D.C. 2004) ("[M]any of the [units] are simply too small . . . to yield any statistically significant results."); *Anderson v. Boeing Co.*, 222 F.R.D. 521, 533 (N.D. Okla. 2004) (considering argument that "dividing a statistical analysis into small groupings of data prevents analyses of large enough samples to derive meaningful results") (quotation omitted). It is affirmatively misleading for Plaintiffs to cite these cases here, where the store-level datasets are large enough to evaluate statistical significance.

Plaintiffs' academic sources aren't any better. Paetzold and Willborn "war[n]" that a finding of statistical insignificance is in fact "*quite significant if the sample size were large.*" R. Paetzold & S. Willborn, *The Statistics of Discrimination: Using Statistical Evidence in Discrimination Cases* § 4:13 (2017) (emphasis added). Here, the sample size *is* large. Bendick Decl. tbl. C-1. Paetzold and Willborn also advise that "pooling techniques" must be used "appropriate[ly]" in order to "avoi[d] the perhaps unreasonable assumption that hiring, promotion, or discharge rates are the same for all groups of employees." R. Paetzold & S. Willborn § 4:16. Gastwirth similarly describes a situation in which a small but uniform pay disparity is assumed to exist across stores. *See* Dkt. 275-3 at 248–49. Here, Bendick cannot assume a uniform pay disparity; indeed, it is the very issue he was retained to inves-

3

tigate. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1046 (2016) (statistical evidence "turns . . . on the degree to which the evidence is reliable in proving or disproving the elements of the relevant cause of action").

The "pattern of results" on which Plaintiffs want the Court to focus is simply a regional statistic by another name—exactly the approach the Supreme Court rejected with respect to the nationwide class. *Dukes*, 564 U.S. at 357. Regional patterns obscure the variance across stores, and pay disparities due to chance alone do not reliably establish anything. Bendick had sufficient data to run regressions capable of generating statistically significant results, which is the gold standard of regression analysis. That his findings "are insufficient to establish that respondents' theory can be proved on a classwide basis," *id*. at 356, is no reason to rely on a regional mosaic of statistically insignificant results.

**2. Work Experience.** Bendick *disregards* the "fundamental fact[]" that men and women of the same age may *not* have the same work experience—indeed, women will likely have *less* experience than men of the same age—and bases his entire pay analysis on the assumption that controlling for age controls for an employee's qualifications. *See* Bendick Decl. tbls. C-2, C-3, C-6, C-7, C-9, C-11, C-13, C-14. Plaintiffs' response that they have no data by which to control for experience is an admission that Bendick cannot accommodate their own litigation position in his modeling. Indeed, they posit that women and men do not participate in the labor

4

market to the same extent. Thus Bendick's opinions are not only unreliable but incompatible with Plaintiffs' theory of the case.

Plaintiffs admit "[i]t is *possible* that the exact amount by which women exceed men" in prior experience "is somewhat over-estimated," Opp. 24 (emphasis added), yet they claim it is Wal-Mart who must prove it is not relying on speculation. This maneuver is unavailing; Plaintiffs must offer support for Bendick's conclusion and they cannot. Their concessions that he has no data by which to control for employees' pre-Wal-Mart work history and that he overestimated women's experience are fatal to *all* of his pay analyses. Indeed, pre-Wal-Mart experience could explain all of the statistically significant disparities Bendick observed, yet he opines that such differences can only be explained by gender. Bendick Decl. ¶ 24. Such *ipse dixit* is inadmissible. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see also Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 254 (6th Cir. 2001).

Further, Plaintiffs cannot square Bendick's conflation of age and work experience with their theory of the case. Instead, they argue that "considering all pre-hire experience, not just the immediate five years pre-hire, women can still have greater pre-hire experience than men at Wal-Mart" and thus can be disadvantaged by Wal-Mart's credit system. Opp. 25. This only illustrates the unreliability of Bendick's approach. As Plaintiffs show, men and women may have different work histories, but Bendick bases his model on the exact opposite assumption—that men

5

and women of the same age have the same experience. Thus he does not account for the "basic stylized fact . . . that everybody knows," as he puts it, Bendick Dep. 116:2–4, and on which Plaintiffs' theory of liability depends. His opinions are therefore unreliable and should be excluded. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013).

   **3. *Applicant Interest in Promotions*.** Bendick fails to account for applicant interest in promotions, though he concedes that not all women (or people) want to be managers. Bendick Dep. 268:13-269:4. Instead of defending his faulty approach, Bendick offers a new "rebuttal" analysis. Courts have repeatedly rejected attempts to "'strengthen' or 'deepen' opinions expressed in the original expert report," *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006), or to "remedy a deficient" opening submission, *Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc.*, No. C-06-1066 PJH (EMC), 2008 WL 4601038, at *1 (N.D. Cal. Oct. 15, 2008). Bendick had ample time to consider applicant data in his initial declaration yet *chose* not to do so. Bendick Reply Decl. ¶¶ 35–36. Plaintiffs cannot now sandbag with a new analysis after Wal-Mart has deposed Bendick and moved to exclude his opinions.

   In any event, Bendick's new analysis is deficient. He again fails to compare the percentages of women who applied for and received promotions, though that is the method endorsed by the Sixth Circuit. *Grant v. Metro. Gov't of Nashville and*

6

*Davidson Cty.*, 446 F. App'x 737, 741 (6th Cir. 2011). And his "adjustment" for the percentage of "women hourly employees registered in [the MTCS] system" is an *admission* that his pool of "promotion relevant" women is not supported by the data. Bendick Reply Decl. ¶ 38 (women registered at 2/3 the rate Bendick expected). This alone shows his promotion analysis is unreliable. Yet, there is more. Bendick also fails to make the individualized inquiry Plaintiffs now claim is necessary to assess each female's actual interest in promotion. *See* Opp. 21–22 (arguing interest in promotion is shaped by whether and how opportunities are offered to women). With or without this new analysis, his opinion should be excluded.

\* \* \*

This is not the first time Bendick has ignored the precepts of statistical science in a contested litigation. Indeed, the Sixth Circuit specifically called him out for his "quite misleading," "incomplete and therefore irrelevant" promotions analysis. *Middleton v. City of Flint*, 92 F.3d 396, 406 n.8, 408 (6th Cir. 1996); *see also*, *e.g.*, *U.S. v. City of Miami*, 115 F.3d 870, 873 (11th Cir. 1997) (Bendick "did not examine the legally relevant factors and was derived from erroneous and incomplete data."); *Little v. Wash. Metro. Area Transit Auth.*, 249 F. Supp. 3d 394, 413–14 (D.D.C. 2017) (excluding Bendick's computations). Plaintiffs' tepid response that Bendick's "testimony was *nearly* always admitted into evidence" (Opp. 5–6 (emphasis added)), is no response at all.

7

Dated: May 30, 2018

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


 /s/ *Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr.*
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071
Telephone:  213.229.7000
Facsimile:  213.229.7520
tboutrous@gibsondunn.com

Mark A. Perry*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
Telephone:  202.887.3667
Facsimile: 202.530.9696
MPerry@gibsondunn.com

Michele L. Maryott*
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612
Telephone:  949.451.3945
Facsimile:  949.475.4668
mmaryott@gibsondunn.com

Rachel S. Brass*
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:  415.393.8200
Facsimile:  415.393.8306
rbrass@gibsondunn.com

J. Graham Matherne (BPR #011294)
WYATT, TARRANT & COMBS, LLP
333 Commerce Street, Suite 1400
Nashville, TN 37201
Telephone:  615.251.6708
Facsimile:   615.256.1726
gmatherne@wyattfirm.com

*Attorneys for Defendant Wal-Mart Stores, Inc.*

**Admitted Pro Hac Vice*

9

Case 3:12-cv-01009   Document 288   Filed 05/30/18   Page 13 of 14 PageID #: 10866

J. Graham Matherne (BPR #011294)
WYATT, TARRANT & COMBS, LLP
333 Commerce Street, Suite 1400
Nashville, TN 37201
Telephone:  615.251.6708
Facsimile:   615.256.1726
gmatherne@wyattfirm.com

*Attorneys for Defendant Wal-Mart Stores, Inc.*

**Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2018, the foregoing was filed electronically with the Clerk of the Court and served via ECF on the following:

Scott P. Tift
Seth Marcus Hyatt
BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union Street, Suite 900
Nashville, TN 37219
*Attorneys for Plaintiffs*

Joseph Sellers
Christine Webber
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Avenue NW, Suite 500 West
Washington, DC 20005
*Attorneys for Plaintiffs*

Jocelyn D. Larkin
IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
*Attorney for Plaintiffs*

                                                /s/ Michele L. Maryott
                                                  Michele L. Maryott

10

Case 3:12-cv-01009   Document 288   Filed 05/30/18   Page 14 of 14 PageID #: 10867