UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHERYL PHIPPS AND SHAWN GIBBONS, On Behalf of Themselves and all Others Similarly Situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>WAL-MART STORES, INC.<br><br>*Defendant.* | CLASS ACTION<br><br>CASE NO. 3:12-cv-01009<br><br><br>JUDGE LAWSON<br><br>MAGISTRATE JUDGE FRENSLEY |

**WAL-MART'S SUPPLEMENTAL BRIEF REGARDING THE IMPACT OF *CHINA AGRITECH* ON CLASS CERTIFICATION**

# TABLE OF CONTENTS

I. BACKGROUND ...................................................................................1

II. DISCUSSION .....................................................................................3

    A. *China Agritech* Abrogated The Stacking Decision In This Case .........4

    B. *China Agritech* Requires Dismissal Of All Untimely Claims ..............4

III. CONCLUSION..................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*American Pipe & Constr. Co. v. Utah*,
 414 U.S. 538 (1974) ............................................................................................. 1

*Catz v. Chalker*,
 142 F.3d 279 (6th Cir. 1998) ................................................................................ 6

*China Agritech, Inc. v. Resh*,
 No. 17-432 (U.S. June 11, 2018) ................................................................ 1, 3, 4

*Crown, Cork & Seal Co. v. Parker*,
 462 U.S. 345 (1983) ............................................................................................. 1

*Wal-Mart Stores, Inc. v. Dukes*,
 564 U.S. 338 (2011) ............................................................................................. 1

**Rules**

Fed. R. Civ. P. 12 ....................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 4

Fed. R. Civ. P. 23(d)(1)(D) ................................................................................ 1, 4, 6

**Other Authority**

Br. of Pls. in Post-*Dukes* Successor Class Actions as Amici Curiae in Supp.
 of Resp'ts, *China Agritech, Inc. v. Resh*, No. 17-432 (U.S. Feb. 27, 2018) ........ 5

## STATEMENT OF THE ISSUE PRESENTED

The Supreme Court's decision in *China Agritech, Inc. v. Resh* requires dismissal of all allegations made on behalf of non-named plaintiffs because the claims are untimely.

# MOST CONTROLLING AUTHORITY

*China Agritech, Inc. v. Resh*, No. 17-432 (U.S. June 11, 2018)

*American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)

*Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983)

In *China Agritech, Inc. v. Resh*, No. 17-432 (U.S. June 11, 2018), the Supreme Court abrogated the Sixth Circuit's decision in this case that the claims asserted on behalf of absent persons are timely. Slip op. at 5 (citing 792 F.3d 637, 653 (6th Cir. 2015)). Accordingly, the Court should reinstate its previous order dismissing those claims with prejudice. 925 F. Supp. 2d 875, 905 (M.D. Tenn. 2013) (Trauger, J.); *see* Fed. R. Civ. P. 12. In the alternative, the Court should "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). Simply put, the named Plaintiffs may not pursue classwide relief.

## I.  BACKGROUND

In *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), the Supreme Court reversed an order certifying a nationwide class of women who alleged that Wal-Mart had discriminated against them with respect to pay and promotion, in violation of Title VII. Under long-settled precedent, the former *Dukes* class members had to file EEOC charges, and then pursue *individual* lawsuits, within the remaining limitations periods. *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552 (1974); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349 (1983). The *Dukes* district court subsequently established nationwide cutoff dates for former class members to file EEOC charges (January 27, 2012 in non-deferral states and May 25, 2012 in deferral states) and/or individual lawsuits (October 28, 2011). Dkt. 1-9

1

(Order, *Dukes*, No. 3:01-cv-2252 (N.D. Cal. Aug. 19, 2011)). Those deadlines have long since passed.

The two named Plaintiffs remaining in this lawsuit—Cheryl Phipps and Shawn Gibbons—filed their complaint in this action on October 2, 2012, within the time limit established by the *Dukes* district court. *See* Dkt. 1. In addition to their individual claims, that complaint purports to assert claims on behalf of "[a]ll women employed at any Wal-Mart retail store in Region 43 at any time from December 26, 1998" to the present who were allegedly subject to certain pay and promotion policies and practices. *Id.* at ¶ 15.

The Court previously dismissed all claims with the exception of the named Plaintiffs' individual claims. 925 F. Supp. 2d at 905. On interlocutory review, the Sixth Circuit reversed—extending *American Pipe* tolling beyond individual claims to otherwise untimely successive (or "stacked") class action allegations. 792 F.3d at 653.

On remand from the Sixth Circuit, following class discovery, Plaintiffs filed an opposed motion for class certification. *See* Dkts. 287-1, 286-3, 287-2. Plaintiffs' proposed class, as stated in their motion, is "all women below the level of Store Manager and excluding Pharmacists and Co-Managers, employed at any retail store in Walmart Region 43 at any time from December 26, 1998 to February 23, 2009." Dkt. 230 at 1. The proposed class definition differed significantly from

that stated in the complaint—all female associates (excluding Store Managers and pharmacists) employed at any retail store in Region 43 from December 26, 1998 to present. Dkt. 1 at ¶ 15.

In light of *China Agritech,* Plaintiffs have indicated that they intend to seek leave to withdraw their motion. Dkt. 293 at 3. Wal-Mart has separately moved to deny certification as to certain absent persons whose claims Plaintiffs abandoned after filing their complaint, and to strike the declaration of Plaintiffs' expert. *See* Dkts. 254, 268.

## II. DISCUSSION

On June 11, 2018, the Supreme Court squarely ruled that *American Pipe* does not permit stacked class actions, thereby abrogating the Sixth Circuit's contrary decision in this case. *China Agritech*, slip op. at 6, 15. The Court framed the question as whether, following the denial of class certification, "a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, [may] commence a class action anew beyond the time allowed by the applicable statute of limitations?" *Id.* at 2. Although the Sixth Circuit had answered this question in the affirmative, the Supreme Court was clear that the "answer is no." *Id.*

> *American Pipe* tolls the statute of limitations during the pendency of a putative class action, allowing unnamed class members to join the action individually or file individual claims if the class fails. But *Amer-*

3

> *ican Pipe does not permit the maintenance of a follow-on class action* past expiration of the statute of limitations.

*Id.* (emphasis added).

### A. *China Agritech* Abrogated The Stacking Decision In This Case

Plaintiffs now concede that *China Agritech* "abrogated the Sixth Circuit's decision in this case, which had found that tolling applied and Plaintiffs' class claims were timely. Under the ruling issued in *[China Agritech]*, *American Pipe* tolling is not available for Plaintiffs' class claims in this case, and there is no other basis on which the class claims currently pursued for Region 43 are timely." Dkt. 293 at 1 (citation omitted); *see also* Dkt. 292 at 1 (Court's June 12 order observing that *China Agritech* "appears to abrogate the Sixth Circuit's decision in this case, and calls into question the continuing viability of the class allegations").

Accordingly, while the named Plaintiffs' individual claims are unaffected by *China Agritech*, the claims asserted on behalf of absent persons are untimely.

### B. *China Agritech* Requires Dismissal Of All Untimely Claims

The Supreme Court's endorsement of the anti-stacking rule requires dismissal with prejudice of the claims asserted on behalf of absent persons here, or in the alternative the striking of all class allegations from the complaint. Fed. R. Civ. P. 12(b)(6) & 23(d)(1)(D).

Plaintiffs previously informed this Court that "denying the application of *American Pipe* Tolling here" means there is no "opportunity to pursue a class

claim." Dkt. 54 (Mot. to Dismiss Hrg. Tr.) at 44:23-24, 5:15-17; *see also* Dkt. 58 (Dist. Ct. Pet. for Interlocutory Review) at 13 ("The question of tolling, *and thus whether class claims may or may not be included in this case*, will have a material impact on the conduct of this lawsuit.") (emphasis added). They told the Sixth Circuit that stacking was required to "permit Plaintiffs to pursue their claims on a class-wide basis." 6th Cir. Pet. for Interlocutory Review 1, No. 13-503 (6th Cir. June 21, 2013). And in *China Agritech* itself they represented to the Supreme Court that "[t]he[ir] ability … to continue their claims collectively hinges on the Court's decision in the case now presented." Br. of Pls. in Post-*Dukes* Successor Class Actions as Amici Curiae in Supp. of Resp'ts 12, *China Agritech, Inc.*, No. 17-432 (U.S. Feb. 27, 2018), https://www.supremecourt.gov/DocketPDF/17/17-432/36760/20180227110600437_pdf%20amicus%20brief.pdf.

Plaintiffs should be held to their previous judicial admissions that the class allegations cannot survive under the anti-stacking regime that the Supreme Court has now endorsed. This includes not just the motion for class certification—which Plaintiffs have offered to withdraw (Dkt. 293 at 3)—but also the complaint itself, which continues to assert claims on behalf of virtually all former female employees in Region 43. Dkt. 1 at ¶ 15. The claims of those unknown persons should all be dismissed, as this Court previously recognized. Plaintiffs' supplemental brief never addresses that point. Instead, Plaintiffs argue that a subset of these unknown

5

persons *might* have timely claims. Dkt. 293 at 2–3. There is no evidence, or even well-pleaded allegations, to that effect, however, and no basis on which to consider in the context of this lawsuit any claims besides those of the two named Plaintiffs. Their claims should proceed to resolution; the rest should be dismissed.

Because the Sixth Circuit's decision has been abrogated by the Supreme Court, this Court's previous order dismissing the claims of unnamed persons with prejudice should be reinstated without further ado. In the alternative, the Court should issue an order "requir[ing] that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly," as Rule 23(d)(1)(D) expressly authorizes. Although Wal-Mart is prepared to file a motion (and, of course, will do so upon direction of the Court), Plaintiffs are fully on notice of the import of *China Agritech* and therefore no formal motion is necessary. *Cf. Catz v. Chalker*, 142 F.3d 279, 286 (6th Cir. 1998).

### III.  CONCLUSION

All of the claims asserted on behalf of persons other than the named Plaintiffs should be dismissed with prejudice; in the alternative, the Court should require that all class allegations be stricken from the complaint. Wal-Mart will be prepared to address these issues at the June 25 hearing if it would be helpful to the Court.

6

Dated: June 18, 2018

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


/s/ *Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr.*
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520
tboutrous@gibsondunn.com

Mark A. Perry*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
Telephone: 202.887.3667
Facsimile: 202.530.9696
MPerry@gibsondunn.com

Michele L. Maryott*
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612
Telephone: 949.451.3945
Facsimile: 949.475.4668
mmaryott@gibsondunn.com

Rachel S. Brass*
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306
rbrass@gibsondunn.com

7

J. Graham Matherne (BPR #011294)
WYATT, TARRANT & COMBS, LLP
333 Commerce Street, Suite 1400
Nashville, TN 37201
Telephone: 615.251.6708
Facsimile: 615.256.1726
gmatherne@wyattfirm.com

*Attorneys for Defendant Wal-Mart Stores, Inc.*

*\*Admitted Pro Hac Vice*

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2018, the foregoing was filed electronically with the Clerk of the Court and served via ECF on the following:

Scott P. Tift
Seth Marcus Hyatt
BARRETT JOHNSTON MARTIN & GARRISON, LLC
414 Union Street, Suite 900
Nashville, TN 37219
*Attorneys for Plaintiffs*

Joseph Sellers
Christine Webber
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Avenue NW, Suite 500 West
Washington, DC 20005
*Attorneys for Plaintiffs*

Jocelyn D. Larkin
IMPACT FUND
125 University Avenue, Suite 102
Berkeley, CA 94710
*Attorney for Plaintiffs*

                                          /s/ Michele L. Maryott
                                            Michele L. Maryott