UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHERYL PHIPPS, and
SHAWN GIBBONS,

        Plaintiffs,                      Case Number 12-01009
                                                    Honorable David M. Lawson

v.

WAL-MART STORES, INC.,

        Defendant.
_____/

## ORDER DISMISSING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION

In their complaint, the plaintiffs made class allegations, proposing to certify a class that included past and future female Wal-Mart retail store employees (other than store managers and pharmacists) in Wal-Mart's Region 43. The plaintiffs later filed a motion to certify a class that explicitly excluded co-managers from that class definition and limited the class membership to pre-2009 employees. Observing that apparent inconsistency, Wal-Mart filed a separate motion to deny class certification, in which it asks the Court to deny class certification to those individual absent class members who might have been included in a definition suggested in the complaint, but would be excluded from the definition proposed in the plaintiffs' class certification motion; and to direct the plaintiffs to notify those individuals who could fall in that gap that they might not be included in the proposed class.

After the Supreme Court issued its decision in *China Agritech, Incorporated v. Resh*, --- S. Ct. ---, 2018 WL 2767565 (June 11, 2018), the plaintiffs withdrew their class certification motion, conceding that any class claims would be untimely. They do not intend to pursue their class claims any longer, although they will proceed with the individual claims in the case. Wal-Mart, however,

has declined to withdraw its own motion to *deny* class certification and continues to ask the Court for a ruling on it. But Wal-Mart's motion is not justiciable, because there no longer is a "live" issue of class certification before the Court; and *China Agritech* notwithstanding, Wal-Mart is seeking a declaration on the claims of individuals outside the scope of the proposed class, which would be an advisory opinion on a hypothetical state of facts or one that does not affect the right of litigants before the Court. Therefore, the Court will dismiss the motion.

"Article III prohibits federal courts from issuing opinions that do not resolve 'actual controversies' or bring about change for the parties." *Flight Options, LLC v. Int'l Brotherhood of Teamsters, Local 1108*, 873 F.3d 540, 546 (6th Cir. 2017) (citing *Muskrat v. United States*, 219 U.S. 346, 361 (1911) and *Chi. & S. Air Lines v. Waterman S.S. Corp.*, 333 U.S. 103, 113-14 (1948)). "Such opinions may arise where the parties are not adverse, the issue is moot, or the court cannot grant relief." *Id.* (citations omitted); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot — and therefore no longer a 'Case' or 'Controversy' for purposes of Article III — 'when the issues presented are no longer "live"' . . . ."). "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

Wal-Mart asks the Court in its motion to declare that certain individuals, who are not part of this lawsuit in any capacity, may not join it as absent class members. Such a ruling would amount to nothing more than advice as to how those individuals might fair if they would choose to press a discrimination claim as a group against Wal-Mart. And the decision would be made without their input, depriving them and the Court of the "clear concreteness provided when a question emerges

precisely framed and necessary for decision from a clash of adversary argument." *United States v. Fruehauf*, 365 U.S. 146, 157 (1961). "It must be remembered that advisory opinions are not merely advisory opinions. They are ghosts that slay." Felix Frankfurter, *A Note on Advisory Opinions*, 37 Harv. L. Rev. 1002, 1008 (1924). That is why it is impermissible for the Court to issue a ruling affecting the rights of individuals outside the proposed class. Because unnamed class members may not be considered parties to a class-action litigation until after the class is certified, *see Smith v. Bayer Corp.*, 564 U.S. 299, 314 (2011), it plainly follows that those outside the scope of the proposed class are not, and never will be, litigants before the Court. The Court is constrained to decide issues affecting only those litigants before it.

Courts routinely deny as moot motions to deny class certification once class claims are abandoned. *See Hernandez v. Dyck-O'Neal, Inc.*, No. 15-337, 2016 WL 2961262, at *1 (M.D. Fla. May 23, 2016) (denying as moot motion to deny class certification after plaintiff consented to striking class allegation from complaint); *Gates v. Sprint Spectrum, L.P.*, No. 05-2340, 2007 WL 1455976, at *2 (D. Kan. May 10, 2007) (denying as moot the defendant's motion to deny class certification because the plaintiff's proposed second amended complaint removed all class allegations); *see also Magallon v. Robert Half Int'l, Inc.*, 311 F.R.D. 625, 630 n.1 (D. Or. 2015) ("Because the class plaintiff seeks to certify is different from the class addressed in defendant's motion to deny class certification, defendant's motion is denied as moot."). Here, not only did the plaintiffs seek to certify a class different from the class in Wal-Mart's motion, but also the plaintiffs indicated in their second supplemental brief that they have no objection to filing an amended complaint which excludes reference to the class claims. *See* [dkt. #296] (Pg ID 11036).

In its motion to deny class certification, Wal-Mart has not presented an issue that ought to be decided by this Court, especially now that the plaintiffs have withdrawn all their class claims. Accordingly, the motion to deny class certification [dkt. #253] is **DISMISSED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge  
Sitting by special designation

Dated: June 21, 2018